## McCLARY v. CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, W. D. Missouri, W. D.   March 16, 1891.)*

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate attempted to cross a street on which were two railroad tracks, about nine feet apart.   Just as he reached the second track, a train on it came up, and, in order to avoid it, he stepped back upon the first track, and was struck by an engine that was backing up on that track.   *Held,* that the railroad company was not responsible for the accident.

At Law.

This was an action by plaintiff for the killing of her husband, Frank McClary, on March 12, 1889, by a switch-engine of defendant.   The accident occurred at Twentieth and Harrison streets, in Kansas City, Mo. The trains of defendant used the tracks of the Kansas City Belt Line, which were laid on Twentieth street.   There were two tracks running east and west.   The distance between the two tracks was nine feet. About the time of the accident a passenger train of the defendant was going east on the south track, and a switch-engine was backing west on the north track.   The switch-engine struck and killed McClary.   There was evidence tending to show that the switch-engine was running faster than authorized by ordinance; that deceased was going south on Harrison street; that he walked across the north track, and was about stepping on the south track, when he glanced up and saw the passenger train, consisting of three or four cars, within a very few feet of him; that to get out of the way of that train he stepped backward, never looking eastward, till he reached the north track, and stood on one of the rails thereof.   Just as the rear end of the passenger coach got by him, the switch-engine going east struck him, causing his death.   The defendant demurred to the evidence.

*Hollis & Latshaw,* for plaintiff.

*Pratt, Ferry & Hagerman,* for defendant.

Before CALDWELL and PHILIPS, JJ.

CALDWELL, J., *(orally, after stating the facts as above.)*   This, in my opinion, is what would be called a simultaneous transaction.   The deceased for the moment seems to have been utterly absent-minded.   He went upon those railroad tracks, not looking to the right or to the left, at a time when there were two trains approaching.   It is a case that is remarkable.   He proceeded to cross one track onto the second track, and had just reached that, when he was in the attitude of being run down by that train, and barely discovered it in time to escape being killed there.   He must have been somewhat agitated and confused by the great peril which he had just escaped.   All plaintiff's witnesses have testified that he had walked forward and then backward onto the other track, and I think it is perfectly obvious, taking this testimony all into consideration, that the man traversed that space of nine feet between the two tracks, and had just reached the other track, when he was killed; he

getting there, however, not in time to give any one an opportunity to take order for his safety. His neighbor, who stood upon the side of the track, had not time to recover his breath, and halloo to him between the time he was in the act of being run down by the train on the south track, and the instant he was struck by the other. There was no time for any one to take order for his safety. There was no time when that engineer and fireman, if both looked in the direction of the deceased, could have taken order for his safety, and saved him, in my judgment, upon this testimony; nor do I think it is open to reasonable doubt. I think it is so clear that the court could not uphold a verdict found upon any other hypothesis, that while he was passing from the south track to the north track, over that space of nine feet, that by the time he had got onto the second track, the other train was there,—the switch-engine was there.

There is no rule of law applying to this state of facts to warrant a verdict supported by the evidence. It is not a case that may be called near the line. It is not a case like the colors of the rainbow, where you cannot tell where one begins and another ends, and which must be left to the jury to say on which side of the line it falls; but this is obviously and palpably on one side of the line, and so clearly so that the duty of the court is clear. Of course this is a deplorable accident, but upon this state of the case the railroad company is not answerable or liable in damages for the misfortune that befell this man from his own absentmindedness, that led him into this peril, by which he lost his life.

Demurrer sustained.

PHILIPS, J., concurs.