ZALOUDEK *v.* MISSOURI PACIFIC RAILROAD COMPANY.

4-4472

Opinion delivered December 21, 1936.

*T. N. Robertson* and *W. V. Lowery,* for appellant.

*R. E. Wiley* and *Henry Donham,* for appellees.

HUMPHREYS, J. This suit was brought in the third division of the circuit court of Pulaski county by appellant against appellee to recover damages for negligently running one of its fast passenger trains over and killing Florence Clara Zaloudek, the daughter of O. J. Zaloudek, at the intersection of Eighteenth street and

the railroad in the city of North Little Rock on the morning of April 24, 1935.

The allegation of negligence was to the effect that appellee ran its fast passenger train at the rate of forty to fifty miles an hour over and across Eighteenth street in the city of North Little Rock, where many children were accustomed to cross the railroad tracks enroute to school on the east side of the tracks at a time when many cars were parked on the west or side track so as to prevent the employees of appellee on the approaching train from observing children or other persons coming from the west on Eighteenth street, and which prevented persons coming from the west from seeing the approaching train.

Appellee filed an answer denying the material allegation of negligence against it and pleading contributory negligence on the part of the child.

The cause was submitted to a jury upon the pleadings, testimony adduced by appellant and appellee, and instructions of the court, resulting in a verdict against appellant and a consequent dismissal of his complaint, from which is this appeal.

Appellant contends for a reversal of the judgment upon the ground that in modifying his requested instructions 1 and 2 and giving them as modified, and in giving appellee's requested instruction No. 3, the trial court withdrew from the consideration of the jury that appellee had parked a large number of cars on the side track near the north of the Eighteenth street crossing so as to prevent appellee's employees on the incoming fast train from seeing pedestrians approaching the crossing from the west and to prevent pedestrians coming onto the crossing from the west from seeing the approaching train; and also withdrew from the jury the issue of whether appellee failed to give proper warning to deceased and others of the approach of the train to the point where the deceased was killed.

By striking out of requested instructions Nos. 1 and 2 the words "operation of their passenger train" and substituting therefor the words "in the matter of the speed of their passenger train," the trial court limited

appellee's liability to the alleged negligent speed of the train alone; whereas, the true test of liability was whether the death of Florence Clara Zaloudek was the result of the failure of appellee, in the exercise of ordinary care, to operate its train so as to avoid striking and killing the child, under all the circumstances and conditions existing at the time about and near the Eighteenth street crossing. True, the parking of the cars on the side track, or passing track, near a public crossing was not, in itself, a negligent act which might be made the basis for an independent action for damages, but that fact might be considered by a jury along with all the other facts and circumstances in determining whether the train was being operated in a negligent manner at the time it ran over and killed the child.

Instructions Nos. 1 and 2, in the form requested by appellant, were correct declarations of law applicable to the facts in the case and should have been given without modification. Instruction No. 3 requested by appellee and given by the court restricted the liability of appellee to the speed of the train independent of all other circumstances as well as the surrounding conditions at and near the crossing and whether proper warnings were given by appellee at the time the child was killed. It was for the jury to determine, under all the circumstances and surrounding conditions, whether the train was being operated in such a manner as to endanger the lives of persons using the crossing in the exercise of ordinary care for their own safety.

Appellee argues that its requested instruction No. 6 given by the trial court was a correct declaration of the law applicable to the facts in the case, and that any inherent defect in instructions 1 and 2, as modified and given, and any defect in instruction No. 3 given at the request of appellee was cured by giving its requested instruction No. 6. Instruction No. 6 was a correct declaration of law standing alone, but when read in connection with the other three instructions, it made a conflict in the instructions calculated to mislead and confuse the jury to the prejudice of appellant. If instructions Nos. 1 and 2 requested by appellant had not been modified and

instruction No. 3 requested by appellee had not been given, then there would have been no conflict in the instructions, and, when read together, they would have declared the whole law applicable to the facts in the case relative to the liability or non-liability of appellee in killing the child.

On account of the errors indicated, the judgment is reversed, and the cause is remanded for a new trial in accordance with the law as herein declared.