**YOUNGER v. BALDWIN et al.**

No. 10764.

Circuit Court of Appeals, Eighth Circuit.

March 30, 1937.

A. L. Barber, of Little Rock, Ark. (Charles F. Cole, of Batesville, Ark., and Troy W. Lewis and Barber & Henry, all of Little Rock, Ark., on the brief), for appellant.

Harry L. Ponder, of Walnut Ridge, Ark. (Thomas B. Pryor, of Ft. Smith, Ark., on the brief), for appellees.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

STONE, Circuit Judge.

This is an action for personal injuries brought by appellant against the two trustees of the Missouri Pacific Railroad Company, a conductor and three brakemen (constituting the crew of a freight train operated by the trustees). From a judgment entered on a directed verdict, plaintiff brings this appeal.

Appellant presents here two issues, as follows: (1) Error in denying a petition to remand the case to the state court from which it had been removed; (2) error in direction of the verdict. In the view we take of the issue as to the remand, it is unnecessary to examine the issue as to direction of the verdict.

The cause of action stated in the petition is as follows: Plaintiff was walking along a footpath running from three to five feet from and alongside the main track of the railroad company. This path had been continually used by the public for approximately 40 years with the knowledge and consent of the company and had been kept up and maintained by the company as a public way for pedestrians, all of which was known to each of the defendants at the time of the accident. While on this path, a freight train came on the main line from the rear of plaintiff and after the engine and six or seven freight cars had passed him, and while he was standing on the path, he was struck by a timber or other similar object protruding and projecting from the side of a freight car in the train. The negligence alleged consisted of recklessly and negligently permitting the timber or similar object to extend from the side of the moving train and in lack of inspection and removal of the timber or object by members of the crew. The petition for removal alleged fraudulent joinder of the individual defendants; that the negligence alleged as to them was merely a nonfeasance on their part and that for such there was no right of action as to third

persons. A motion to remand was filed denying all of the allegations as to fraudulent joinder contained in the petition for removal.

The crux of this issue is as to whether, under the law of Arkansas, a servant or agent is liable to third persons for an injury resulting from his nonfeasance. If such liability exists, the case should have been remanded. This issue is directly and conclusively determined in the recent case of Thomas M. Wells v. Missouri Pacific R. R. Co. et al. (C.C.A.) 87 F.(2d) 579, in an opinion filed after this matter was determined in the trial court. In that case such liability was upheld. Also, see three other cases in this court, Huffman v. Baldwin et al., 82 F.(2d) 5; Nelson v. Baldwin, 82 F.(2d) 8 (certiorari denied in the Huffman and the Nelson Cases, 299 U.S. 550, 57 S.Ct. 12, 81 L.Ed. ——); Cox v. Early, 65 F.(2d) 891, 892.

The judgment must be and is reversed, with directions to set aside the judgment and the order denying the remand and to enter an order remanding the case to the state court.