**FORREST v. SOUTHERN RY. CO. et al.**

**No. 2659.**

District Court, W. D. South Carolina,
Greenwood Division.

Oct. 21, 1937.

W. K. Charles, of Greenwood, S. C.,
for plaintiff.

Blythe & Bonham, of Greenville, S. C.,
for defendant Southern Ry. Co.

WYCHE, District Judge.

This matter is before me on plaintiff's
motion to remand the case to the court
of common pleas for Greenwood county,
S. C., from whence it was removed at the
instance of the Southern Railway Com-
pany on the following grounds: (1) Sep-
arable controversy; (2) fraudulent join-
der.

The action is one for the recovery of
damages for the death of plaintiff's in-
testate which occurred at a railroad cross-
ing in a collision of a freight train of the
Southern Railway Company and the auto-
mobile in which plaintiff's intestate was
riding, and was alleged to have been
caused by the negligence of the Southern
Railway Company "and its agents and
servants acting in the scope of their duties
for it."

Dan Tinkler, a roadmaster of the
Southern Railway Company, is named as
defendant, and judgment is asked against
both defendants.

The allegations of the complaint perti-
nent to the motion are contained in para-
graphs 9 and 10 and are as follows:

"9. That the negligence and reckless-
ness of the Defendant and its agents and
servants acting in the scope of their duties
for it directly and proximately caused the
death of the said W. L. Williams as afore-
said, in that:

"(a). That the Defendant failed to
provide suitable, proper and sufficient signs
on the railway crossing along the public
road over which the automobile in which
Plaintiff's intestate was riding was travel-
ing.

"(b). That the train of the Defendant,
Southern Railway Company, was being run
or operated by the engineer and other
agents and employees at a high and dan-
gerous rate of speed and in excess of that
allowed by Law.

"(c). That the train of the Defendant
was being operated by its employees and
agents without a proper or adequate out-
look, safe-guards or warnings and was
being operated at and upon a highway
crossing without sounding the whistle or
ringing the bell on said steam locomotive
engine for five hundred yards before the
engine reached said crossing and the
whistle on said locomotive was not sound-
ed thereon nor the bell rung for said cross-
ing on said occasion and no other signal
was given until the said engine was within
a very few feet of said crossing.

"(d). That the engineer and other
agents, servants and employees furnished
and provided by Defendant, Southern Rail-
way Company, for the operation of its
said train and the section master and other
agents, servants and employees furnished
and provided by said Defendant, Southern
Railway Company, for the construction, re-
pair and upkeep of its said track, rails,
roadbed, right-of-way and railroad and
highway crossings were incompetent and
unfit for the performance of the duties

assigned to them, as the said Defendant, Southern Railway Company, knew, or might have known by the exercise of reasonable care.

"(e). The Defendant, Southern Railway Company, did not perform its duty, or give adequate warnings or signals of the approach of the train, did not keep a lookout on approaching the crossing, did not slacken the speed of the train as it approached the crossing, but on the contrary operated it without adequate warnings or signals and at a high and excessive rate of speed.

"(f). The Defendants failed in their duty to properly construct, repair or keep in repair the roadbed and crossing of the Defendant, Southern Railway Company, on said highway at said place in that the approaches of the crossing on and over the right of way leading to the track were not properly graded, were constructed and left with a steep grade up towards the rails, so that the automobile in which plaintiff's intestate was riding thereon was impeded in its speed and delayed and choked down before clearing the track.

"(g). That the Defendants· failed in their duty to properly construct, repair or keep in repair the roadbed and crossing of the Defendant, Southern Railway Company, on said highway at said place in that the roadbed was not built up high enough toward the top level of the iron rails, was constructed and left from four to six inches below the top of the iron rails, so that the automobile in which Plaintiff's intestate was riding thereon and crossing the rails of said Defendant Company had to pull over the iron rails extending up from four to six inches above the level of the dirt roadbed, which gave to the automobile a heavy pull and severe jolt, and necessarily slackened its speed and choked the motor down, bringing said automobile to a standstill before clearing the track.

"(h). That the Defendants failed in their duty to properly construct, repair or keep in repair the roadbed and crossing of the Defendant, Southern Railway Company, on said highway at said place in that the crossing was not bridged or constructed of boards or other solid material but was built of ordinary dirt and earth, which washed out in places, became and were uneven and rough to travel over and increased the dangers of the traveling public.

"(i). That the Defendants failed in their duty to properly construct, repair or keep in repair the roadbed and crossing of the Defendant, Southern· Railway Company, on said highway at said place in that the roadbed was not built up high enough toward the top level of the iron rails, was constructed and left from four to six inches below the top of the iron rails, so that the automobile in which Plaintiff's intestate was riding thereon and crossing the rails of said Defendant Company had to pull over the iron rails extending up from four to six inches above the level of the dirt roadbed, which gave to the automobile a heavy pull and severe jolt, and necessarily slackened its speed and choked the motor down, bringing said automobile to a standstill before clearing the track.

"(j). That the Defendants failed in their duty to properly construct, repair or keep in repair the roadbed, track, rails and crossing of the Defendant, Southern Railway Company, on said highway at said place in that the cross-ties and rails were not placed low enough down into the roadbed but that said rails comprising the track were left from four to six inches above the level of the roadbed over said crossing so that the automobile in which plaintiff's intestate was riding was traveling thereon and over said crossing had to pull over the iron rails extending up from four to six inches above the level of the dirt roadbed, which gave to the automobile a heavy pull and severe jolt, and necessarily slackened its speed and delayed it in clearing the track.

"(k). In allowing the embankment as aforesaid and growth thereon to be on the right-of-way of the Defendant near said railway track as it obstructed the view of travelers on said Highway of a train approaching from the South and obstructed the view of the servant of the Defendant on a train approaching from the South of travelers on said Highway approaching said crossing from the South.

"10. That by reason of each and all of the said negligent and reckless acts of the Defendant and its agents and servants acting in the scope of their duties for it as aforesaid, the said W. L. Williams was mashed, crushed, mutilated and killed in the manner aforesaid and thereby the said beneficiaries have been deprived of his help, society and companionship and

have suffered great mental anguish, all to their damage in the sum of Fifty Thousand ($50,000.00) Dollars."

No joint cause of action is stated against the defendants.

 It will be noted that the specifications of negligence recited in paragraph 9 of the complaint relate back to the statement in the first part of that paragraph to the effect that plaintiff's intestate's death was caused by the negligence and recklessness of the Southern Railway Company and its agents and servants acting in the scope of their duties for it. The specifications of negligence merely name the particulars in which the railway company was negligent by reason of the acts or failures of its servants in the performance of their duties for the Railway Company.

Paragraph 10 of the complaint alleges that, by reason of each and all of the recited specifications of negligence of the Southern Railway Company and its agents and servants acting in the scope of their duties for it, as aforesaid, plaintiff's intestate was killed.

While some of the specifications of negligence, if standing alone, would charge both defendants with delicts, it seems to me that, because they all relate back to the first statement in paragraph 9 of the complaint, they charge only the Southern Railway Company with the negligence which the complaint alleges resulted in plaintiff's intestate's death.

The complaint seeks to make the defendant Tinkler respond in damages solely on the ground that he was one of the servants of the Southern Railway Company, and at the time of the accident was acting within the scope of his employment for it. He appears to have been named in the complaint for the purpose of identifying one of the servants through whom the railroad company was liable on the doctrine of respondeat superior. There is no allegation in the complaint to the effect that the death of plaintiff's intestate was a direct and proximate result of any wrongful act on the part of the defendant Tinkler. A servant is personally liable to third persons when his wrongful act is the direct and proximate cause of an injury. Ellis v. Southern Railway Company, 72 S. C. 465, 52 S.E. 228, 2 L.R.A.(N.S.) 378. He may be sued in his individual capacity along with his master, but in this complaint he is sued only as agent of the defendant Southern Railway Company.

He is not sued in his individual capacity, and in my opinion no cause of action is stated against him as an individual.

For the foregoing reasons, it is my opinion that the complaint states a separate cause of action against the Southern Railway Company, and that there is a separable controversy between it and the plaintiff within the meaning of the removal statute (Jud.Code § 28, 28 U.S.C.A. § 71).

The motion to remand is denied.

Counsel may present an order in accordance with the views expressed in this opinion.