**HOGE v. FORT SMITH GAS CO. et al.**
Civil No. 183.

District Court, W. D. Arkansas,
Fort Smith Division.
Jan. 10, 1941.

G. L. Grant, of Muskogee, Okl., and Partain & Agee, of Van Buren, Ark., for plaintiff.

R. A. Young, Jr., and Daily & Woods, all of Fort Smith, Ark., for defendants.

LEMLEY, District Judge.

This cause was originally instituted in the circuit court of Crawford County, Arkansas, by the plaintiff, Dr. A. F. Hoge, a citizen of Arkansas, against the defendants, Fort Smith Gas Company, a Delaware corporation (hereinafter called the gas company), Twin City Pipe Line Company, an Arkansas corporation (hereinafter called the pipe line company), and J. R. Hill and

Bentley Highfill, citizens of Arkansas; and was removed to this court upon petition of the gas company.

The plaintiff alleges in his complaint that the defendants the gas company and the pipe line company are corporations engaged in the business of transmitting, delivering, distributing and selling natural gas in Sebastian County, Arkansas, in Crawford County, Arkansas, and elsewhere, and own and operate pipe lines and mains through which they transfer and deliver such gas to their customers, and that on and prior to July 22, 1940, the defendants Hill and Highfill were employees and superintending officers of said companies; that prior to July 22, 1940, the said Hill and Highfill, acting as such employees and superintending officers of said companies, had been in charge of laying a certain pipe line and main for said corporate defendants along Garrison Avenue, one of the principal streets in the City of Fort Smith, Sebastian County, Arkansas, and that after laying said main they had been in charge of the filling-in work, which was supposed to bring the street back to its original surface level, but that they, the said Hill and Highfill, acting as such employees and superintending officers, had negligently left a sunken place in said street at one of the pedestrian crossings thereof, and had negligently failed to leave said street with an even surface, and had negligently left the depression, or sunken place, therein covered with lime and other slippery substances; that on said date of July 22, 1940, the plaintiff attempted to cross said street at said crossing, and, while in the exercise of due care for his own safety, stepped into said depression and slipped on said lime, and fell and was seriously injured thereby.

The plaintiff further alleges that his injuries were caused by the negligence of Hill and Highfill, acting as such employees and superintending officers of said corporate defendants, in negligently leaving a sunken place or depression in said street, and in negligently reconstructing the surface thereof after laying the pipe thereunder, and in negligently leaving the surface at said point covered with lime, "and in carelessly and negligently failing to make a reasonable inspection of the condition left by themselves and other workmen under their charge, which inspection would have disclosed such dangerous and unsafe conditions and situation," all of which acts of negligence, operating both singly and together, produced and brought about plaintiff's injuries.

The defendant gas company removed the cause to this court on the grounds of fraudulent joinder and separable controversy. In its petition for removal it alleged as a basis for its claim of fraudulent joinder that the pipe line company had no interest in the main which was being laid at the place where the plaintiff was injured, and had nothing to do with the work which the plaintiff alleges was being performed at such place at the time he was injured; that the defendant Hill was not an employee of either of said corporate defendants at the time plaintiff was injured, and was not in any way connected with, or interested in, or a participant in, the acts complained of in the complaint. It was admitted in said petition that Highfill was an employee of the petitioner at the time, but petitioner denied each and every allegation of negligence charged against Highfill, and alleged that Highfill did not dig, or participate in the digging of, the hole referred to in the complaint, that he did not refill said hole, or participate in the refilling thereof, that he did not repair or replace the surface of the pavement at the place where said hole had been dug, or participate in the repair or replacement thereof, all of which facts, petitioner alleged, were well known to the plaintiff at the time of the filing of his complaint.

With reference to its claim of separable controversy, the defendant gas company, in its petition for removal, alleged as follows: "Petitioner states further that the plaintiff alleges, as an act of negligence, the failure of the defendants 'to make a reasonable inspection of the condition left by themselves and other workmen under their charge.' Petitioner states that there was obviously no duty on the part of Twin City Pipe Line Company and J. R. Hill to make an inspection, for the reason—as heretofore alleged—that neither of said defendants had anything to do with the work which was being done, had no interest therein, were not present at the place of work at any time during the progress thereof, and were complete strangers to the actions and activities described in the complaint. Petitioner states further that whatever duty to inspect was present devolved solely upon petitioner, and none other, and petitioner denies that it failed to make reasonable inspection, and denies that

the plaintiff was injured by reason of any failure on the part of petitioner to make reasonable inspection of said place. Petitioner states further that no duty rested on the defendant Highfill to inspect said condition, but even if such duty did in fact rest upon him it was a duty owed by Highfill to petitioner and not to the plaintiff. Petitioner therefore states that the complaint shows on its face that the plaintiff has neither alleged, nor has, a cause of action against the defendant Highfill on account of the alleged failure to make reasonable inspection of the place, and shows on its face that whatever cause of action plaintiff may have by reason of a failure to make inspection of the place is against petitioner alone, and none other. Petitioner therefore states that a separable cause of action is alleged against it in the complaint, namely: a cause of action based upon a failure to make inspection, and said cause of action is against petitioner alone and involves a controversy which is solely and wholly between citizens of different states."

The plaintiff filed herein a motion to remand; and at the hearing on the motion, the defendant gas company, in order to substantiate its claim of fraudulent joinder, placed a number of witnesses on the stand. At said hearing, it was admitted by the plaintiff that Hill was not an employee of either of the corporate defendants at the time of the injury and was in no way connected with the acts complained of by the plaintiff, and he passed out of the case.

The proof adduced by the gas company with reference to fraudulent joinder of the pipe line company was to the effect that said gas company, at the time of the accident complained of and for many years prior thereto, held an exclusive franchise with the City of Fort Smith for the supplying of natural gas to domestic and commercial consumers within the city, and that during said years it had owned and maintained the distribution system of gas mains underlying the city; that the pipe line company was engaged solely in transporting gas from producing wells to industrial consumers and to the gas company; that where its line connected with the lines of the gas company there was a metering station where the gas delivered from the pipe line company to the gas company was measured, and that said gas was thereafter purchased and paid for at a designated rate, according to such measuring, by the gas company; that the pipe line company owned no pipe or main within several blocks of the place where the plaintiff was injured, and had no interest in the repairs that were being made at that point; and that the gas company was a Delaware corporation and the pipe line company an Arkansas corporation, and that their stockholders were entirely separate groups of persons.

The proof with reference to the alleged fraudulent joinder of Highfill was to the effect that Highfill was a construction and maintenance foreman in the employ of the gas company; that, prior to the beginning of the excavation in the street, he accompanied the work crew to that point and marked off the spot where the excavation was to be made, and directed the members of the crew to dig a hole at that point and make a certain type of connection on the main located under the street at that point; that, after giving the crew the aforesaid instructions, he left them and did not return to the scene of the work until they had completed the work they were to do on the main, and refilled the hole.

The motion was argued orally before the court and later was submitted on briefs. The defendant gas company in its brief states that three questions are presented on the motion to remand:

(1) Was the Twin City Pipe Line Company fraudulently joined as a defendant?

(2) Was Bentley Highfill fraudulently joined as a defendant?

(3) Did the charge of negligence in the complaint, to the effect "that plaintiff's injuries were caused by the carelessness and negligence of Bentley Highfill acting as such servant of the Fort Smith Gas Company in carelessly and negligently failing to make a reasonable inspection of the condition left by himself and other workmen under his charge, which inspection would have disclosed such dangerous and unsafe conditions and situation," constitute a separable cause of action against the gas company alone, for the reason that its agent is not liable to third persons for a simple failure to inspect?

With reference to the first question, under the proof in the case, the pipe line company was fraudulently joined as a defendant. It had no interest in, or connection with, ownership, operation, or maintenance of the gas main upon which the

employees of the gas company were working at the time Dr. Hoge was injured, and the proof shows that the stockholders of the gas company and pipe line company are separate groups.

Relative to question number two, I indicated when the oral argument was made in this matter that I did not think Highfill had been fraudulently joined as a defendant. I am of that opinion still. Although the proof introduced at the hearing was to the effect that he took no part in the actual digging of the hole in the pavement and merely directed the members of the crew to dig a hole at that point and make a certain type of connection on the main located under the street at that point, nevertheless, the proof shows that he was in charge of the workmen at the time as foreman and was on the ground giving them *some* instructions and that his title was that of construction and maintenance foreman.

While it is the duty of the federal court to hear the evidence on the question of fraudulent joinder, it is not the duty of the court to go into the merits of the case. Here the proof shows that Highfill was construction and maintenance foreman and was on the ground directing the men to a certain extent; and I do not think that the defendant has sustained the burden of proving a fraudulent joinder.

As to the third question presented in the gas company's brief, that of separable controversy, it is the contention of the gas company that the charge of negligence with reference to failure to inspect constitutes a charge against the employer alone, for which the employee, Highfill, is not liable to the plaintiff, and that hence no joint cause of action against Highfill and the gas company is alleged. In this connection, the gas company contends that the complaint does not charge Highfill with having made a negligent inspection or an improper inspection, but that he failed altogether to make an inspection; that this amounted to a charge that he had breached an obligation that he owed to the company and not one to the plaintiff, and a charge of nonfeasance which would not render him liable to third persons; and it cites Davis v. St. Louis & S. F. R. Co. et al., D.C.Okl., 8 F.Supp. 519; Knight v. Atlantic Coast Line R. Co. et al., 5 Cir., 73 F.2d 76, 99 A.L.R. 405; Kelly v. Chicago & A. R. Co. et al., C.C.Mo., 122 F. 286; and Morefield v. Ozark Pipe Line Corporation et al., D.C. Okl., 27 F.2d 890, each of which cases involved a charge of nonfeasance against the agent who was joined as a resident defendant, and in each of which the court held that the agent was not liable for such nonfeasance, and that therefore a separable controversy existed.

It will be noted that the charge of negligence with reference to failure to inspect is linked in with that of negligently leaving a sunken place in the pavement, and carelessly and negligently reconstructing the surface after making the connection, so that the surface of the street was uneven, and in carelessly and negligently leaving the surface at that point covered with lime and other slippery substances, which allegations precede the one with reference to inspection. Then, the allegation relative to inspection is that the defendants carelessly and negligently failed to make a reasonable *inspection of the condition left by themselves and other workmen under their charge,* which inspection would have disclosed such dangerous and unsafe condition. Following this is the allegation that these acts of negligence, operating both singly and together, produced and brought about plaintiff's injuries. It will be noted that the allegation relative to inspection is with reference to a dangerous condition left by Highfill himself, and it seems to me that there is a close relation between the two alleged acts of negligence. He left the pavement in a dangerous condition and failed to inspect it to see whether it was in a dangerous condition, and the two acts concurring brought about plaintiff's injuries.

It is not necessary to attempt to distinguish from the instant case the decisions relied upon by the gas company, because they do not involve a construction of Arkansas law, and the Arkansas decisions, of course, govern. Tompkins v. Erie R. Co., 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410. I think that Stiewel v. Borman, 63 Ark. 30, 38, 37 S.W. 404, 405, controls this case. In the Stiewel case it was claimed that an agent in charge of a mine was negligent in allowing gas to accumulate in the mine where the plaintiff was at work and that the gas caught fire and the plaintiff was injured thereby. It was contended that this was nonfeasance for which the agent was responsible only to his principal, but the court said that whether

the failure to use the proper precaution was a misfeasance or nonfeasance was a question of no practical importance, that the liability of the agent rested upon his failure to discharge a duty as in misfeasance.

In the Stiewel case, the court cited Osborne v. Morgan, 130 Mass. 102, 39 Am. Rep. 437, wherein the plaintiff, a carpenter, was putting up partitions in a room in which the owner of the property was conducting the business of making wire. The defendant's superintendent and other employees negligently hung a tackle block and chain upon an iron nail suspended from the ceiling in the room, and suffered them to remain so unprotected from falling, so that by reason thereof they fell upon and injured the plaintiff. It was contended that the employees were not liable because they were guilty of nonfeasance only in leaving the tackle block and chain suspended on the nail, and that they owed no duty to anyone other than their employer in this connection. The court, however, said "no." The court stated that doubtless *if an agent never does anything* toward carrying out his contract with his principal and wholly omits or neglects to do so, the principal is the only one who can maintain an action against him for the nonfeasance; "but, if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be natural consequences of his acts; and he cannot, by abandoning its execution midway, and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards." The court said that this was not nonfeasance, or doing nothing, but a misfeasance, doing improperly.

So, in the instant case (and the allegations of the complaint are controlling on the question of separable controversy), Highfill left the pavement in a dangerous condition and failed to inspect or examine it so as to determine whether it was dangerous or not.

In the Stiewel case the court, very pertinently, also cited an Illinois case, Baird v. Shipman, 132 Ill. 16, 23 N.E. 384, 7 L.R.A. 128, 22 Am.St.Rep. 504, wherein a real estate agent had been held liable, where there was a covenant to repair in the lease, when he permitted a heavy door, weighing about four hundred pounds, to remain in an insecure condition, as a result of which it fell upon and killed an expressman; and also a Michigan case, Ellis v. McNaughton, 76 Mich. 237, 42 N.W. 1113, 15 Am.St.Rep. 308, to a similar effect.

The defendant gas company has discussed the Stiewel case at length in its brief, but in my opinion has placed too narrow a construction on that decision. It has failed to consider the implications of that case. As in the Stiewel case, so here, the question as to whether Highfill's failure to use proper precautions in inspecting the work constituted misfeasance or nonfeasance is of no practical importance. The question is whether he failed to discharge a duty he owed to the public. Here he was a party to the digging of a hole in the pavement, and he failed thereafter to make a reasonable inspection of the hole in order to determine whether it had been properly filled. He was bound to take notice that pedestrians were constantly using the street and might be injured by reason of a sunken place being left therein. As stated, the allegations of the complaint must govern in this connection. Here we are concerned only with the question of separable controversy.

In construing the Stiewel case the Eighth Circuit Court of Appeals, in Wells v. Missouri Pacific R. Co., 87 F.2d 579, stated that certain language in that decision indicated an attitude on the part of the Arkansas court to the effect that a distinction between nonfeasance and misfeasance is not the test determining the liability of a servant to a third party, but the ultimate inquiry is one of breach of duty. I think that the complaint here alleges a breach of duty that Highfill owed to the public. See, also, Younger v. Baldwin, 8 Cir., 89 F.2d 222.

The motion to remand will be granted.