## ADKINS v. BLAKEY et al.

## JOHNSON v. BLAKEY et al.

### Nos. 6087, 6088.

United States District Court
W. D. Missouri, W. D.

Jan. 18, 1950.

Axtell, Jost & Conway, Kansas City, Mo., by Henry L. Jost, Jr., and Enos A. Axtell, Kansas City, Mo., for plaintiff.

474

Wm. H. Sanders, Edward T. Matheny, Jr., Scott Timmons, of Caldwell, Downing, Noble & Garrity, Kansas City, Mo., for Phillip Blakey.

REEVES, Chief Judge.

The above actions were filed in a state court and the personal defendant claiming non-residence, took appropriate steps to remove the case to this court upon the ground that the corporate defendant, being local, was fraudulently joined to prevent removal.

An inspection of the complaints shows quite clearly and definitely that a joint cause of action against the non-resident and resident defendants is stated. In the petitions for removal the non-resident defendant alleges facts which tend to show that he was not acting at the time for and in behalf of the resident defendant.

■ The motion to remand, while it does not categorically deny the averments of the petitions to remove, yet it is a reiteration and a reaffirmation of the allegations of the complaints. This is tantamount to a denial of the averments of the petitions to remove.

■■ The only question for decision is whether it appears conclusively from the pleadings that the local defendant was not involved in the accident which caused the suit. The very well known case of Chesapeake & Ohio Railway Co. v. Cockrell, 232 U.S. 146, loc. cit. 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 is decisive of the question. The court said: "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice; *the showing must be such as compels the conclusion that the joinder is without right and made in bad faith,* * * *." (Emphasis mine.) There is no such showing in this case.

■ The Court of Appeals, this circuit, in Leonard v. St. Joseph Lead Co., 75 F.2d 390, loc. cit. 394, very aptly and succinctly repeated the rule announced in the Chesapeake & Ohio Railway Co. case, supra. In that opinion the court further said: "The joinder must have been in bad faith in order to warrant removal." There is no suggestion in this action that the joinder was made in bad faith. On the contrary, the relationship of the defendants was sufficient to assure the good faith of the petitioner. In the Leonard case, supra, the court again said: "The joinder of a defendant is fraudulent if it is clear that under the law of the state in which the action is brought, the facts alleged by the plaintiff as the basis for the liability of the resident defendant could not create a joint liability against him and his codefendant, so that the assertion of a joint cause of action is, as a matter of local law, plainly sham and fraudulent."

It cannot be deduced from the pleadings and the briefs of the parties that such was the situation here. The Court of Appeals, this Circuit, has also established a landmark case in Polito v. Molasky, 123 F.2d 258, 260, where it followed the language of the Chesapeake & Ohio Railway Co. case, with the statement that to uphold the jurisdiction of this court, "the showing must be such as *compels* (emphasis mine) the conclusion that the joinder is without right and made in bad faith."

■ No such compulsion appears from the pleadings in this case. Accordingly, the motion to remand should be and will be sustained.