SHANE

v.

KANSAS CITY SOUTHERN RY. CO. et al.

No. 1133.

United States District Court, W. D. Arkansas, Fort Smith Division.

May 27, 1954.

**428**

Shaw, Jones & Shaw, Fort Smith, Ark., Shaw & Spencer, Mena, Ark., for plaintiff.

Hardin, Barton, Hardin & Garner, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

On March 24, 1954, plaintiff filed suit against defendants in the Circuit Court of Polk County, Arkansas, alleging that the deceased, Chas. D. Shane, was fatally injured in a railroad crossing accident as a proximate result of concurring negligence on the part of the defendants. On April 10, 1954, the defendant, Kansas City Southern Railway Company, removed the case to this Court on the ground of diversity of citizenship and amount involved as between it and the plaintiff, and on the further ground that the defendant, A. B. Callahan, was joined as a party defendant for the sole purpose of defeating Federal jurisdiction, and that such joinder was fraudulent as a matter of law. After removing the case, defendant Railway Company on May 11, 1954, filed its answer, denying negligence on the part of its employees and particularly on the part of A. B. Callahan, its section foreman.

Plaintiff, on May 18, 1954, filed her motion to remand the case to the Circuit Court of Polk County, Arkansas, on the grounds that, (1) both plaintiff and the defendant, A. B. Callahan, are citizens and residents of the State of Arkansas, thus negativing diversity of citizenship; (2) plaintiff has alleged a cause of action against the defendants jointly, as she had a right to do; and (3) that the said defendant Callahan was not fraudulently joined as a defendant to defeat Federal jurisdiction of the case.

The attorneys for the respective parties have filed memorandum briefs in support of and in opposition to the motion to remand, and the motion is now before the Court for disposition.

Over a period of years the rules of law governing fraudulent joinder, particularly in this Circuit, have become well crystallized, and before considering the facts as shown by the record in the instant case, the Court feels that a restatement of these rules which must be followed in the determination of the motion is desireable.

The Court, when presented with a removal question concerning fraudulent joinder, should consider two factors. (1) Did plaintiff have a real intention to obtain a joint judgment against the defendants? (2) Did there exist *colorable* ground for securing such a judgment at the time the case was removed from the state court? Smith v. Southern Pac. Co., 9 Cir., 187 F.2d 397, 401, certiorari denied 342 U.S. 823, 72 S.Ct. 42, 96 L.Ed. 622; Bolstad v. Central Surety & Insurance Corp., 8 Cir., 168 F.2d 927, 930; Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 87 F.2d 418, 421; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579, 581; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 791; Wade v. New York Fire Ins. Co., D.C.Wash., 111 F.Supp. 748, 751; Montrey v. Peter J. Schweitzer, Inc., D.C.N.J., 105 F.Supp. 708, 715;

Robinson v. Missouri Pacific Transp. Co., D.C.Ark., 85 F.Supp. 235, 237.

In the absence of a showing of fraudulent joinder, the nature of the controversy is governed by the allegations of plaintiff's complaint. Bolstad v. Central Surety & Insurance Corp., supra, at page 930 of 168 F.2d. See also, Smith v. Southern Pac. Co., supra; Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 7, certiorari denied 299 U.S. 550, 57 S. Ct. 12, 81 L.Ed. 405; House v. Kirby Lumber Corp., D.C.Tex., 113 F.Supp. 322, 324; Harrod v. Missouri Pacific R. Co., D.C.Ark., 26 F.Supp. 619, 621.

Plaintiff's complaint must state a joint cause of action against the defendants, and if it is clearly shown by the facts alleged in the complaint that no joint liability could exist on the part of the defendants, the attempted assertion of such a joint cause of action is fraudulent as a matter of law. Rhodes v. Dierks Lumber & Coal Co., 8 Cir., 108 F.2d 846, 847; Culp v. Baldwin, 8 Cir., 87 F.2d 679, 682; Morris v. E. I. Du Pont De Nemours & Co., supra, at page 792 of 68 F.2d; Adkins v. Blakey, D.C. Mo., 88 F.Supp. 473, 474; Forrest v. Southern Ry. Co., D.C.S.C., 20 F.Supp. 753.

The law of the State, in the instant case Arkansas, determines whether a cause of action has been stated against the resident defendant and whether the liability of the defendants, if any, is joint or several. Huffman v. Baldwin, supra, at page 8 of 82 F.2d; Morris v. E. I. Du Pont De Nemours & Co., supra, at page 792 of 68 F.2d; Thomas, Adm'r v. Thompson, D.C.Ark., 80 F.Supp. 225, 226; Harrod v. Missouri Pac. R. Co., supra, at page 620 of 26 F.Supp.

To show that a joinder, fair upon its face, nevertheless is only a sham or fraudulent device to prevent removal, the petition for removal must contain a statement of facts leading to that conclusion; mere statements of the pleader's deductions will not suffice. Smith v. Southern Pac. Co., supra, at page 400 of 187 F.2d; Polito v. Molasky, 8 Cir., 123 F.2d 258, 260; Huffman v. Baldwin, supra, at page 7 of 82 F.2d; Adkins v. Blakey, supra, at page 474 of 88 F.Supp.

The burden of proof is upon the removing defendant to establish the alleged fraudulent joinder. Polito v. Molasky, 8 Cir., 123 F.2d 258, 260 (by clear and convincing evidence); Wells v. Missouri Pac. R. Co., supra, at page 581 of 87 F.2d; Morris v. E. I. Du Pont De Nemours & Co., supra, at page 791 of 68 F.2d; Hoge v. Fort Smith Gas Co., D.C.Ark., 37 F.Supp. 71.

It is equally as important to protect the state court's jurisdiction of cases improperly removed as it is to protect the federal court's jurisdiction of cases properly removed. Huffman v. Baldwin, supra, at page 7 of 82 F.2d; Morris v. E. I. Du Pont De Nemours & Co., supra, at page 793 of 68 F.2d; Lee v. Ford Motor Co., D.C.Mo., 38 F.Supp. 852, 853.

Doubtful issues of law or fact should be decided in the State court and not in the removal proceedings. Smith v. Southern Pac. Co., supra, at page 402 of 187 F.2d; Bolstad v. Central Surety & Insurance Corp., supra, at page 930 of 168 F.2d; Albi v. Street & Smith Publications, Inc., 9 Cir., 140 F.2d 310, 312; Rhodes v. Dierks Lumber & Coal Co., supra, at page 848 of 108 F.2d; Montrey v. Peter J. Schweitzer, Inc., supra, at page 717 of 105 F.Supp.; Robinson v. Missouri Pacific Transp. Co., supra, at page 238 of 85 F.Supp.

The foregoing rules of law, as heretofore stated, are well settled, and the decision in the instant case depends upon a proper application of those principles of law to the facts appearing herein.

Plaintiff in her complaint alleged that defendant Railway Company maintained a track crossing a public street just north of the junction of U. S. Highway 71 and Reine Street in the City of Mena, Arkansas; that the track at the crossing is elevated about three feet above the level of the traveled roadway, thus

making the approach on each side up-grade; that high weeds, pine, under-brush and trees had grown up along defendant Railway Company's right-of-way, obscuring the view of motorists approaching the crossing while traveling along Reine Street toward U. S. Highway 71, so that a view of the track could not be had until the motorist was within thirty feet of the crossing.

"That defendant, Kansas City Southern Railway Company, in order to maintain its tracks, public railroad crossing and right-of-way in a useable condition, employed various persons as section workers and placed in charge of each crew a Section Foreman, with a certain territorial responsibility, one A. B. Callahan, was, on the 28th day of November, 1953, the Section Foreman charged with the responsibility of maintaining the tracks, right-of-way and the railroad crossing located on Reine Street, in the City of Mena.

"That on the date aforesaid, at about the hour of 6:45 o'clock p. m. one Chas. D. Shane, now deceased, unaccompanied, was driving his half ton Chevrolet truck along said Reine Street in a Southwesterly direction, and while he was in proper care for his own safety, approached the said crossing.

"That just as he was attempting to cross said track and while he was in proper care for his own safety, the defendant, Kansas City Southern Railroad Company, by its agents and servants, negligently and carelessly drove and operated its said train from a Southerly direction; suddenly emerged around the foot of the hill onto the crossing, the train being then and there operated at an excessive rate of speed, onto this extra hazardous crossing without blowing its whistle, sounding the bell, or otherwise, and as a direct and proximate result thereof of the failure of defendant, A. B. Callahan, to maintain the Reine Street Railroad Crossing and right-of-way in a safe condition and of the failure of the defendant, Kansas City Southern Railroad Company to give the customary warning signals and re-duce the speed of its train at the extra hazardous crossing, its locomotive and train of cars ran against the truck operated by Chas. D. Shane and knocking it off the track, fatally injured the person of Chas D. Shane and demolished the truck."

After alleging additional negligence on the part of defendant Railway Company, plaintiff further alleged, "That the negligence of the defendant, A. B. Callahan, Section Foreman, charged with the responsibility of maintaining the Reine Street Railroad crossing and right-of-way adjacent thereto in a safe condition for use of motorists on Reine Street consisted in his failure to cut away the undergrowth, brush, weeds and trees and grade off the hill adjacent to the crossing which obstructs the vision of motorists approaching the crossing and further failing to provide suitable and sufficient warnings or signals indicating to motorists, including the deceased, then traveling on said street, the presence of approaching trains and the danger from an approaching train, which was obscured from the view and hearing of motorists approaching the crossing, after it had come within the knowledge of the defendant, A. B. Callahan, charged with the responsibility of making the crossing safe and lessening the dangerous and hazardous conditions of said crossing."

Then follows plaintiff's prayer for judgment on behalf of the heirs of Chas. D. Shane, deceased.

In its petition for removal defendant Railway Company alleged:

"The plaintiffs have joined as a party defendant hereto one A. B. Callahan, alleging that said Callahan was employed by the Kansas City Southern Railway Company as a section foreman, and further alleging that the said Callahan was charged with the responsibility of maintaining the tracks, right-of-way and railroad crossing, located on Reine Street, in the City of Mena * * *.

"The defendant, Kansas City Southern Railway Company, states that at the

time of the accident complained of, its section foreman, A. B. Callahan, was not in fact negligent or responsible for the causing of said accident in any manner whatever; that the said A. B. Callahan was not and is not charged with the duties and responsibilities of providing for sufficient warnings or signals to motorists of trains approaching said crossing; that said Callahan was not, in fact or in law, negligent in clearing the said right-of-way of its underbrush, to assure vision to any motorist; that the said Callahan did not, at the time of the happening of this accident, commit any act or omission which could be calculated to constitute negligence which would have caused, produced or been the proximate result of this accident, in any manner whatever, in law or in fact. That the said A. B. Callahan was not and is not charged with any duties which required him to do any grading at the place complained of whatever, and that the said A. B. Callahan in no way, in fact or in law, committed any act of malfeasance or misfeasance which brought about, caused or produced the proximate result of the accident complained of, in law or in fact.

"The plaintiffs, at the time of the filing of their complaint, knew the above alleged facts, or said facts might have been readily ascertainable by the said plaintiffs; that said plaintiffs have joined as a party defendant herein the said A. B. Callahan, for the sole purpose of defeating Federal jurisdiction of this cause, and that such joinder of the said A. B. Callahan as a party defendant herein by the plaintiffs herein is fraudulent as a matter of law."

After removing the case the defendant Railway Company filed its answer denying negligence on the part of its employees and alleging contributory negligence on the part of Chas. D. Shane, deceased. Defendant further alleged:

"The defendant admits that it has in its employ a section foreman by the name of A. B. Callahan, and that he was so employed on the 28th day of November, 1953, and that said A. B. Callahan has as his duties the maintenance of the track and street crossing under the supervision of the roadmaster of the defendant. The defendant specifically denies that its section foreman, A. B. Callahan, owed any duty whatever to the deceased, or any other motorist, and specifically denies that the section foreman violated any duty or was guilty of any act or omission which would constitute negligence which could have contributed in any way, however slight, to this accident in question."

Following the filing of defendant's answer, plaintiff filed her motion to remand, contending that she had alleged a joint cause of action against the defendants. In its response to plaintiff's motion to remand defendant Railway Company states:

"There is no actionable negligence alleged in plaintiff's complaint against defendant's section foreman, A. B. Callahan. As a matter of law there was no duty upon the section foreman in favor of the decedent to clear off of the defendant's right-of-way any alleged 'obstructions.'"

After quoting plaintiff's allegations of negligence against Callahan, defendant Railway Company further states:

"In the petition for removal those allegations have been specifically denied in that there is no such responsibility upon the section foreman, A. B. Callahan. Furthermore, even if it were assumed, for purposes of argument, that said allegations stated colorable negligence in good faith against the section foreman, the charges of negligence do not charge active negligence, but instead charge the section foreman with nonfeasance or omission upon his part, and such non-feasance or omission upon his part does not confer upon the plaintiff a cause of action against the section foreman."

From the foregoing it is evident that the ultimate question for decision is whether, under the Arkansas law, joint

liability on the part of the defendants could exist in the instant case.

■ Under the Arkansas law, two or more persons guilty of actionable negligence may be joined as defendants by the injured party. Thompson v. Moore, 8 Cir., 109 F.2d 372, 374; Burt v. Missouri Pac. R. Co., D.C.Ark., 294 F. 911, 917; Thomas, Adm'r v. Thompson, supra, at page 226 of 80 F.Supp.; Harrod v. Missouri Pac. R. Co., supra, at page 621 of 26 F.Supp.; Missouri Pacific R. Co. v. Foreman, 196 Ark. 636, 644, 119 S.W.2d 747; Chicago, Rock Island & Pacific Railway Co. v. McKamy, 180 Ark. 1095, 1099, 25 S.W.2d 5. This rule has been applied in suits against railroads wherein the engineer or foreman of the train involved in the accident were joined as parties defendant. Missouri Pacific Railroad Co. v. Foreman, supra; Chicago, Rock Island & Pacific Railway Co. v. McKamy, supra.

In the instant case, however, defendant Railway Company contends (1) that the railway company owed no duty to deceased to remove the alleged obstructions, and therefore Callahan owed no such duty; and (2) in any event the action of Callahan amounted to no more than nonfeasance, for which he is not liable to third persons.

Defendant Railway Company relies upon the case of Missouri Pacific R. Co., Thompson, Trustee, v. Howard, 204 Ark. 253, 161 S.W.2d 759, as sustaining its contention that it owed no duty to the public to remove the obstructions. In that case the Court held that the presence of box cars near a crossing, cutting off plaintiff's view, made it her duty to exercise a higher degree of care for her own safety. To the same effect, see Missouri Pacific R. Co., Thompson, Trustee, v. Binkley, 208 Ark. 933, 188 S.W.2d 291. Likewise, in Zaloudek v. Missouri Pacific R. Co., 193 Ark. 344, at page 346, 99 S.W.2d 567, at page 568, the Court said:

"True, the parking of the cars on the side track or passing track near a public crossing was not, in itself, a negligent act which might be made the basis for an independent action for damages, but that fact might be considered by a jury along with all the other facts and circumstances in determining whether the train was being operated in a negligent manner at the time it ran over and killed the child."

See also, Locke v. St. Louis-San Francisco Ry. Co., supra, at page 420 of 87 F.2d.

The reason for the above quoted rule is that the railway company owns the tracks and has a legal right to park its box cars on said tracks if the cars do not obstruct the crossing. See, McClary v. Chicago, M. & St. P. Ry. Co., C.C.Mo., 46 F. 343. But this rule is in no wise determinative of the question of whether the defendant Railway Company or the defendant Callahan owed the public a duty to remove obstructions consisting of weeds, underbrush and trees upon the Company's right of way.

■ Doubtlessly, the Railway Company owed the public a duty to construct and maintain the crossing in such a manner that it would be safe and convenient to travelers, insofar as it could do so without interfering with the safe operation of the road. Section 73–614, Ark.Stats.1947, Annotated; Missouri Pacific Railroad Co., Thompson, Trustee, v. Binkley, supra, at page 937 of 208 Ark., at page 293 of 188 S.W.2d; Missouri Pacific R. Co., Thompson, Trustee v. Kagy, 201 Ark. 150, 143 S.W.2d 1095; Missouri Pacific R. Co., Thompson, Trustee v. Sorrells, 199 Ark. 971, 136 S.W.2d 1035; Missouri Pacific R. R. Co., Thompson, Trustee v. Howell, 198 Ark. 956, 132 S.W.2d 176; Missouri Pacific R. Co. v. Riley, 185 Ark. 699, 49 S.W.2d 397; St. Louis, I. M. & S. Ry. Co., v. Smith, 118 Ark. 72, 175 S.W. 415. This duty also extends to embankments constructed as necessary approaches to the railroad track. Missouri Pacific R. Co., Thompson, Trustee, v. Binkley, supra, at page 937 of 208 Ark., at page 293 of 188 S.W.2d; Payne v. Stockton, 147 Ark. 598, 229 S.W. 44.

It is not clear from plaintiff's complaint whether any of the alleged obstructions were upon the crossing or approach, and for purposes of this motion the Court will assume that the obstructions, if any, were on the adjacent right-of-way, and not upon the crossing. Thus the question is presented, did the Railway Company owe the public a duty to remove the alleged obstructions?

In other jurisdictions there is a split of authority upon the question. Some Courts, either on the basis of statutory law or common law negligence, have held that such obstructions in and of themselves were sufficient grounds of negligence to permit a recovery by an injured person. Shaw v. Chicago & E. I. R. Co., 332 Ill.App. 285, 75 N.E.2d 51; Burzio v. Joplin & P. Ry. Co., 102 Kan. 287, 562, 171 P. 351, L.R.A. 1918C, 997; Louisville & N. R. Co. v. Parks' Adm'r, 154 Ky. 269, 157 S.W. 27; Spalding v. Louisville & N. R. Co., 281 Ky. 357, 136 S.W.2d 1. Other Courts have held that the presence of view-obstructing weeds, brush and trees was insufficient as an independent ground of negligence, but that such obstructions could be considered along with all the other evidence in determining whether the railway company had exercised reasonable care at a certain crossing under the circumstances and conditions then existing. Mast v. Illinois Cent. R. Co., D.C.Iowa, 79 F.Supp. 149, affirmed, 8 Cir., 176 F.2d 157; Rachal v. Texas & P. Ry. Co., La. App., 61 So.2d 525; Ham v. Maine Cent. R. Co., 121 Me. 171, 116 A. 261; Parrish v. Atlantic Coast Line R. Co., 221 N.C. 292, 20 S.E.2d 299.

Apparently, the Arkansas Supreme Court has not decided this question. In Kansas City, S. & M. Ry. Co. v. Kirksey, 48 Ark. 366, 3 S.W. 190, the facts were that a mule had been standing behind a clump of bushes on the railway company's right-of-way and ran out in front of a train, where it was unavoidably struck by the engine and killed. Beginning at page 367 of 48 Ark., at page 190 of 3 S.W., the Court said:

"Upon this branch of the case the court charged the jury as follows: 'The railroad company, being assumed to be the owners and to have control of the right of way, would be held to ordinary care and diligence in keeping the right of way in such condition that its officers and servants, engineers and firemen, could have a free and unobstructed view of the right of way from the locomotive. Now, if you find that this mule was killed without fault on the part of the company or its servants, and they used every possible means to avoid the calamity, but it happened in spite of everything that could be done, then you will find for the defendant. This must be shown by a preponderance of proof; otherwise you will find for the plaintiff. And it is the duty of the company to keep their right of way in such a condition that its employes and agents could have a proper view of it, such as is necessary for the safe operation of its trains. In this case, if you find that the clump of bushes was outside of the right of way, you need not consider that any further; but, if it is inside the right of way, then you will look to see if it contributed to the accident, and, if so, then you will entertain it; but, if it did not contribute, then you will not entertain it.'

"The jury were thus left at liberty to find that it was negligence which would authorize a recovery for the company to permit bushes to grow upon its right of way, and they returned a verdict for the appellee. It may be that the charge announces the rule that should govern when the relation of the company to its passengers, or the owner of live-stock to which it has assumed the obligation of a common carrier, is considered, *or when its duty to one who is crossing its*

*track upon a highway, and is prevented by the undergrowth upon the right of way from seeing an approaching train, is involved, as was the case of Dimick v. Chicago & N. W. Railway Co., 80 Ill. 338.* But the question is, what was its duty to the plaintiff in this case?" (Emphasis added.)

The Court held that the company owed no duty under the facts in that case, but left open the question of the company's duty at a crossing. In another case, the Court stated that a railway company could not be charged with negligence because of buildings and billboards which were not erected by the company and were not on the right of way, but did not indicate whether such obstructions might be negligence if placed upon the right of way. St. Louis-San Francisco R. Co. v. Hovley, 196 Ark. 775, 778, 120 S.W.2d 14. There seem to be no other Arkansas decisions touching the subject, and therefore it is, at best, a doubtful question of state law as to whether a railway company owes a duty to the public to keep its right of way adjacent to a crossing free of view-obstructing weeds, brush and trees.

Likewise, it is a doubtful question of state law whether the Section Foreman, A. B. Callahan, owed such a duty to the public. In this connection, defendant Railway Company contends that Callahan, at most, was guilty of nonfeasance, and that under the Arkansas law a third person has no cause of action against an employee based upon nonfeasance.

In other jurisdictions the authorities are divided upon the question of an employee's liability to third persons for acts of nonfeasance. See annotations, 99 A.L.R. 408-426; 20 A.L.R. 97-174. But in the instant case the decisive factor is the Arkansas law, and defendant Railway Company contends that the case of Stiewel v. Borman, 63 Ark. 30, 37 S.W. 404, establishes the Arkansas law to be that an employee is not liable to third persons for acts of non-

feasance or omission. The difficulty with defendant's position is that the Court of Appeals for this Circuit has correctly construed the Stiewel case to state a rule based upon the duty owed third persons rather than a rule based upon misfeasance or nonfeasance. In Wells v. Missouri Pac. R. Co., supra, the Court, after quoting from the Stiewel case, at page 582 of 87 F.2d said:

"The foregoing pronouncement indicates an attitude on the part of the Arkansas court to the effect that a distinction between nonfeasance and misfeasance is not the test determining the liability of a servant to a third party, but the ultimate inquiry, as in all negligence cases, is one of breach of duty. In the view we take of the case it is enough that the above pronouncement renders the question one of doubt."

See also, Younger v. Baldwin, 8 Cir., 89 F.2d 222, 223; Hoge v. Fort Smith Gas Co., supra, at page 75 of 37 F.Supp. Cf., opinion by Judge Sanborn in Burrichter v. Chicago, M. & St. P. Ry. Co., D.C.Minn., 10 F.2d 165.

■ In the instant case, the Court cannot say, as a matter of law, that Callahan owed no duty to the deceased to remove the view-obstructing weeds, brush and trees upon the right of way adjacent to the crossing, especially since it was admittedly his duty to the Railway Company to maintain the track and crossing. Whether or not Callahan owed such a duty to the public, and particularly to Chas. D. Shane, deceased, is a doubtful question of state law, and cannot be determined in this proceeding. Smith v. Southern Pac. Co., supra; Bolstad v. Central Surety & Insurance Corp., supra; Rhodes v. Dierks Lumber & Coal Co., supra.

■ In view of the foregoing, it is clear that in the instant case plaintiff had a real intention to obtain a joint judgment against the defendants, and there were colorable grounds for obtaining such a judgment. Therefore, the

joinder of the defendant, A. B. Callahan, was not fraudulent, and the case was improperly removed to this Court.

It follows that plaintiff's motion to remand should be sustained, and an order remanding the case to the Circuit Court of Polk County, Arkansas, should be entered.