## FOX et al. v. YAZOO & M. V. R. CO. et al.

(District Court, N. D. Mississippi, Delta Division. January 20, 1925.)

No. 141.

Removal of causes ⬸49(3)—Action against joint defendants held not removable by resident defendant.

Under the facts as alleged in the declaration in an action against a resident railroad company and a nonresident corporation, and in the petition for removal by the railroad company, such company, not shown to have been authorized by law to do so, permitted its tracks to be used for the operation of trains by its codefendant, whose employees, while so operating a train thereon, negligently killed a member of the general public at a street crossing. On a motion to remand, *held*, that the removing defendant had the burden of proving jurisdiction in the federal court and that, in the absence of a clear showing that it and its codefendant' were not jointly liable under the law of the state, the cause was not removable.

At Law. Action by Ernest Fox and another against the Yazoo & Mississippi Valley Railroad Company and others. On motion to remand to state court. Granted.

R. Denman, Caldwell & Caldwell, and Woods & Kuykendall, all of Charleston, Miss., for the motion.

W. C. Wells, of Jackson, Miss., and Stone & Savage, of Sumner, Miss., opposed.

HOLMES, District Judge. This is a suit for personal injuries, brought by the plaintiffs, two brothers, for the death of their brother, Lucius Fox, who was killed on a

public crossing in the city of Charleston, Miss., when struck by an engine and cut of cars belonging to Turner-Farber-Love Company, a nonresident corporation, while operating the same over the tracks of the resident defendant, the Yazoo & Mississippi Valley Railroad Company. The engine and cut of cars were owned and operated exclusively by the nonresident defendant. The only connection of the resident defendant was that it owned the track and roadbed, and permitted the nonresident defendant to operate an engine and cut of cars over the same.

I do not regard Illinois Central Railroad Co. v. Lucas, 89 Miss. 427, 42 So. 607, as any authority here for either party, when stripped of its dictum. Illinois Central Railroad Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208, is authority for the proposition that the lessor railroad company is liable jointly with its lessee for negligence in the construction and maintenance of its railroad bed and track, but not for negligence in the operation of its cars operated solely by the lessee. But the case of McAllister v. Chesapeake & Ohio Railroad Co., 243 U. S. 302, 37 S. Ct. 274, 61 L. Ed. 735, is very much in point, and decides that under the law of Kentucky the lessor and lessee railroad companies are jointly liable for injury or death inflicted on persons (not trespassers) on the tracks by the negligence of the lessee in operating the trains.

I have read all the briefs in this case, and many of the authorities cited, and cannot say there is not a reasonable basis for the contention that such is also the law in Mississippi. Certainly no Mississippi case has been cited by the nonresident defendant which holds the contrary. The case at bar is to be distinguished from those cited by defendants, in which there were leases authorized by law. Here there is nothing in the declaration or petition to remove to show that the permissive use of the tracks of the railroad company was authorized by law. This case is also to be distinguished from those cited in which an employee of the lessee was injured. Here there was a breach of duty to the public, not one owed to an employee.

This is a case where, without authority of law, the resident railroad company permitted its tracks to be used for the operation of trains by the nonresident defendant, whose employees, while so doing, negligently injured a member of the general public at a street crossing. There is nothing in the record to show that the use of the tracks of the resident defendant by the nonresident defendant was authorized by law. There is no presumption that such was the case. The absence of such authority may be important.

In passing upon the motion to remand, I am taking the allegations of fact, both in the declaration and the petition to remove, as true, but not the conclusions of law therein set forth by the pleader. There is no allegation in the petition to remove of the falsity of any statement of fact in the declaration. Therefore there is no question of fraudulent joinder, in its true sense, involved here. If, on the facts as alleged in the declaration and petition to remove, there is a case of joint liability, then clearly the motion to remand should be sustained.

This narrows the issue to the single proposition as to whether a lessor, or licensor, is jointly liable with its lessee, or licensee, for the negligent operation of trains operated over the tracks of the lessor, or licensor, where there is an injury to a member of the public at a public crossing; it not being shown that the use of the track of the lessor was authorized by law. There is no allegation in the declaration or petition to remove of an absolute lease in a legal sense. The allegation in the declaration, which is not controverted or enlarged upon in the petition to remove, is that the Turner-Farber-Love Company was "engaged in the sawmill business in said city, and in connection with its said sawmill business used engines, locomotives, and cars propelled by steam, and ran and operated same over its own tracks and over the tracks of the said Yazoo & Mississippi Valley Railroad Company"; that the said railroad company was the owner of the tracks, and for a long time prior thereto, as well as at the time of the accident, "permitted, and under an agreement with said Turner-Farber-Love Company authorized, it * * * to run engines and trains over said line of railway leading from said depot to said lumber yard."

On a motion to remand the removing defendant has the burden of showing jurisdiction in the federal court, and unless the jurisdiction affirmatively and clearly appears the cause should be remanded. From these considerations, and particularly under the authority of McAllister v. Chesapeake & Ohio Railroad Company, supra, I think the motion to remand should be sustained.

An order to this effect may be drawn by the attorneys for the plaintiff, and submitted to me for signature.