[Civ. No. 6752. Third Dist. Apr. 10, 1943.]

T. Y. NICHOLS et al., Respondents, v. THE SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

T. L. Chamberlain and Jones & Quinn for Appellant.

F. H. Bowers for Respondent.

PEEK, J.—The defendant Southern Pacific Company, a Kentucky corporation, appeals from a judgment in favor of the plaintiffs, and against it alone.

The record discloses that shortly before midnight on the evening of September 7, the plaintiffs, while returning from the State Fair in Sacramento to their home at Loomis, collided with a train operated by appellant. The plaintiffs were traveling in an easterly direction along U. S. Highway No. 40, which is a main traveled two lane continental highway approximately twenty feet in width. The main line tracks of defendant Southern Pacific are immediately to the north of and parallel to the highway. At a point approximately one mile northeast of Roseville the defendants maintain a spur track, which branches, in a southeasterly direction, off of the main line at a sharp angle, crossing the highway and terminating at oil storage tanks located south of the highway. The approach to this crossing from the west is slightly up-grade. Approximately one hundred feet east of the cross-

ing the highway turns abruptly to the left or northeast. On the south side of this turn is an embankment of about thirty feet in height, upon the top of which was a bill board fringed by trees. Immediately prior to the accident an engine and one boxcar in charge of Engineer Charles D. Hite and engine foreman or conductor Walter H. White was moving northerly across the highway. This movement of the engine and boxcar was being made to permit the opening of another switch to the south of the highway so that the train could then move back across the highway to another spur. At the time of the collision the train had stopped. The engine had cleared the crossing and was headed away from it, while the boxcar was stopped on the highway, its wheels being approximately equally distant from the center white line on the highway, thereby suspending the body of the boxcar over the center of the highway at an elevation of nearly three feet. Apparently plaintiffs were unaware of the boxcar until they were some 50 or 60 feet away. Mr. Nichols testified that upon seeing the car he turned to his left and at the same time applied his brakes. The right front wheel of the automobile struck the left rear wheel of the tender. As the result of the collision Mrs. Nichols sustained certain injuries.

On January 5, 1940, plaintiffs filed their complaint. The Southern Pacific was first served with summons and complaint and thereafter C. D. Hite and W. H. White were served on August 26, 1940. On August 30, plaintiffs served notice of motion to file an amended complaint, among other things inserting the true names of said defendants in place of the fictitious names as originally set forth in the complaint.

After various conversations and communications between counsel it was stipulated that the defendant corporation's original answer would be deemed the answer to the amended complaint, and the amended complaint was filed. The case came on for hearing on September 12, 1940, before a jury. When the case was called, plaintiffs' attorney, in reply to a question asked by the court, answered, "plaintiff is ready." Immediately defendant Southern Pacific presented its petition and bond for removal to the federal court under the provisions of section 71, article 28, U.S.C.A., on the ground that the case was not at issue as to the defendants Hite and White, and that plaintiffs in answering as ready thereby voluntarily elected to proceed against the non-resident corpora-

tion alone, that such election amounted to a complete severance of the action, and that the cause should be removed to the federal court. Plaintiffs in answer to the defendants' petition moved the court for an order permitting the withdrawal of the statement "plaintiff is ready," stating that they were basing their motion under the provisions of section 473 of the Code of Civil Procedure, upon the ground that said announcement was made through inadvertance, misleading statements on the part of defendants' counsel which caused "surprise and excusable neglect" and filed a written motion and affidavit in support thereof. The court, after due consideration, made its order granting plaintiffs' motion, and the cause proceeded to trial. A judgment against the defendant corporation alone in the sum of $2,500 was returned by the jury. It is from this judgment that defendant Southern Pacific now appeals.

The questions raised by appellant on appeal are, 1. Did the court err in denying defendants' motion for removal to the federal court? 2. Were the plaintiffs guilty of contributory negligence as a matter of law, and 3, was the court in error in denying plaintiffs' motions for nonsuit, directed verdict and judgment notwithstanding the verdict, as well as in giving and denying of certain instructions to the jury?

Appellant contends that the sole question on removal relates to the one act of plaintiffs' counsel in announcing his readiness for trial. It is admitted that up to that time no case for removal was presented.

It is said in 23 R.C.L. 774:

"The filing of a petition and bond presents to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record that the petitioner is entitled to a removal of the suit. If, upon the face of the record, including the petition for removal, a suit does not appear to be removable, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made. That question the state court has a right to decide for itself. If it errs in keeping the case, and the highest court of the state in which a decision can be had affirms the ruling, the federal supreme court has jurisdiction to correct the error, considering, for that purpose, only the part of the record which ends with the petition for removal. On

the other hand, if it correctly determines the question of law its final judgment affirmed by the highest state court will be affirmed by the federal supreme court (if such judgment is not reversible for error on some other federal ground)."

As to what constitutes the record it is said by the same authority, page 736, section 120, that "the record presented to the state court for its consideration on a petition for removal includes the petition for removal—except statements of a federal question or of a separable controversy, made in the petition—and the pleadings and proceedings down to that time."

Also in the same volume, section 119, on pages 735-736, we find the further statement:

"As the jurisdiction of a federal court is limited, in the sense that it has no other jurisdiction than that conferred by the constitution and laws of the United States, the presumption is, except on collateral attack, that a case is without its jurisdiction unless the contrary affirmatively appears. The special facts necessary for jurisdiction must, in some form, affirmatively appear in the record of every suit. This rule applies to suits coming to the federal court by removal as well as to those in which it issues the original process. The federal court can no more take a case until its jurisdiction is shown by the record than the state court can be required to let it go until the record shows that its jurisdiction has been lost."

Following the statement of the rule as above set forth that the facts necessary for a determination of the question must appear affirmatively in the record, we find the record as of September 12, made up of (1) the complaint, (2) the amended complaint substituting the names of Hite and White for the fictitious defendants, (3) notice of motion to file amended complaint (noticed for September 10, mailed August 30), (4) summons, and return showing service on the Southern Pacific Company, and (5) stipulation of the parties that if amended complaint be filed by plaintiffs prior to September 12, the answer to the original complaint may be deemed the answer to the amended complaint, etc. (filed September 12); and lastly, the defendants' petition for removal. In brief the petition alleges that the action came on for trial on September 12th; that when the case was called plaintiffs announced themselves as ready; that on August 26, the defendants Hite and

White were served "but that said action was not at issue so far as defendants C. D. Hite and W. H. White are concerned." It is then alleged that by announcing themselves as ready for trial and said action not being at issue as to said defendants, that plaintiffs elected voluntarily to proceed with the case against the non-resident corporation, and that such election amounts to a complete severance of the action as to the defendant corporation, petitioner herein, as effectively as if it originally brought suit against such defendant alone.

Disregarding all matter except such as is shown to have been of record prior to September 12, and considering only the matters constituting the record as hereinabove set forth together with the petition, the question then becomes this: Does the record show a voluntary discontinuance by plaintiffs of their cause against the resident defendants Hite and White as a matter of law? There is nothing in the record, exclusive of the petition, that would tend to show an intent to discontinue as to said defendants. Reliance must therefore be had solely upon the allegations of the petition. The allegation that summons had been served upon the resident defendants more than ten days prior to the trial date indicates that plaintiff was not intending to discontinue as to these defendants. There is no allegation in the petition that they had or had not answered or that they were or were not in default for failing to answer or that they had secured additional time to answer, either by stipulation or by order of court, or that they were not in court ready for trial. All that is alleged as ground for the assertion that by announcing themselves ready for trial "plaintiff had voluntarily elected to proceed with the case as against Southern Pacific Company alone," is the allegation that "said action is not at issue so far as said defendants C. D. Hite and W. H. White are concerned."

In our opinion this is merely a conclusion and not a statement of fact and therefore not in accord with the principles previously set forth. It is analogous to a statement that the party is in default under a contract, without stating the facts constituting a breach, (49 C.J.p.55) or that property is exempt from taxation, (49 C.J.p.56) or that plaintiff was not before the court, (49 C.J.p.67) all of which are purely conclusions. In *Southwest Power Co.* v. *Price*, 180 Ark. 567 [22 S.W. 2d 373], an allegation that time to answer had not expired was held a conclusion of law, and certiorari in that

case was denied. An allegation that a resident defendant was fraudulently joined for the purpose of preventing removal without alleging the facts tending to show the fraud was held to be insufficient. (*McNulty* v. *Atlas etc. Co.,* (Mo.App.) 249 S.W. 730-733.)

Where it does not appear on the face of the record, including the petition for removal, that a suit is a removable one a state court is not bound to surrender its jurisdiction. In *Southern Pacific Co.* v. *Waite,* 279 F. 171, (a case in the United States District Court for the Southern District of California) it was held that the mere presentation of a petition for removal not showing on the face of the petition and record that a case is removable does not effect a transfer. This case is cited in *Metropolitan Casualty Ins. Co.* v. *Stevens,* 312 U.S. 563 [61 S.Ct. 715, 85 L.Ed. 1044] and must, therefore, be considered as sound law. This well established principle that facts and not deductions of the pleader must be alleged in the petition in order to show cause for removal has been enunciated many times.

The right to remove a cause to the federal courts is purely statutory and exists only in the specified cases enumerated in the federal statutes. Therefore a petition for removal to be sufficient must set forth in complete detail the particular facts out of which the right to remove arises. *Chesapeake & Ohio R. Co.* v. *Cockrell,* 232 U.S. 146, 151 [34 S.Ct. 278, 58 L.Ed. 544, 547], and cases therein cited; *McAllister* v. *Chesapeake & Ohio R. Co.,* 243 U.S. 302, 310-311 [37 S.Ct. 274, 61 L.Ed. 735, 741]; *Sanders* v. *Atlantic etc. Co.,* 33 F.2d 1010, 1013; *Wilson* v. *Republic etc. Co.,* 257 *U.S.* 92, 97 [42 S.Ct. 35, 66 L.Ed. 144, 148]; *Towill* v. *Southern Ry. Co.,* 121 S.C. 447 [114 S.E. 416, 419].

Appellant further contends that the verdict is not sustained by the evidence. As often happens in cases of this character, the evidence with reference to the accident is in conflict.

As this court said in the recent case of *Norgard* v. *Estate of Norgard,* 54 Cal.App.2d 82, 89 [128 P.2d 566]:

"The trial court is the sole judge of the weight and effect of testimony and of the credibility of witnesses, and is free, to disbelieve them, even though they are uncontradicted, if there is any rational ground for doing so."

It is self evident that the jury accepted as true the testi-

mony of respondents, and it rejected a portion at least of the evidence proffered by appellant. It necessarily follows that it is incumbent upon this court, upon appeal, to accept as true the evidence in favor of respondents and to resolve all conflicts in the evidence in their favor. (*Hinkle* v. *Southern Pacific Co.*, 12 Cal.2d 691, 695 [87 P.2d 349].)

 Appellant further contends that the verdict is not sustained by the evidence in that plaintiffs were guilty of contributory negligence as a matter of law because they did not see the boxcar until only sixty feet from it. Substantial evidence was introduced by the plaintiffs, which, if believed by the jury, was sufficient for a judgment in favor of plaintiffs. A similar situation is found in *Hinkle* v. *Southern Pacific Co.*, *supra*, where it is said:

"Appellant insists that the train necessarily must have been seen by respondent if they had looked, and that their evidence to the contrary that they did look but did not see the train is not worthy of evidence and will not support the verdict in their favor. Upon this phase of the case it will suffice to say that appellant bases its assumption that the train must necessarily have been seen by the respondents in time for them to have avoided the accident if they had in fact looked, upon the testimony of its train crew, which the jury, as triers of fact, were at liberty to reject, and which they evidently did reject. . . . It is highly probable, in our opinion, that the implied finding of the jury exonerating the respondents from contributory negligence was based upon their acceptance of the respondents' testimony that they saw no one at the crossing and the jury's belief that the respondents did not see any one because in fact there was no one there. Having in mind the fact that the jury was at liberty to reject much of the evidence proffered in behalf of appellant, together with the circumstance that the accident happened on a very dark night at a narrow crossing where large pine trees were growing close to the tracks, and that the train was not approaching headon with its headlights lighting up the track ahead, but was backing toward the crossing, we cannot say as a matter of law that respondents were negligent in not seeing the backing train in time to avoid it. They were not, therefore, guilty of contributory negligence as a matter of law."

Paraphrasing the statement above contained in the Hinkle case it is highly probable that the implied finding of the jury exonerating the respondents from contributory negligence was

based on the acceptance of the respondents' testimony that they saw nothing until immediately prior to the accident, and having in mind that evidence was offered in behalf of plaintiffs, that the accident happened on a dark night with the boxcar in question immediately in line with a high bank surmounted by a signboard and trees, that because of the manner in which the body of the boxcar was suspended over the highway the center white line continued on past the car thereby giving an impression to plaintiff that the road was clear, and that because of the direction in which the train was headed the headlight on the engine was turned away from the crossing. We cannot say as a matter of law that the respondents were guilty of contributory negligence in not seeing defendants' boxcar in time to avoid hitting it.

The jury found neither for nor against the defendants Hite and White. This, appellants contend, amounts to an implied exoneration of the defendant company. Such a verdict and judgment do not have the effect of exonerating or relieving the defendant railroad company from liability where the claim of negligence does not arise solely from the acts of the conductor or train foreman in the operation of the train but also arises from the alleged negligence of the defendant company in not maintaining proper safeguards for the traveling public. The allegation in plaintiffs' complaint that the defendants so negligently operated an engine and boxcar "without signs, flagman, light, flare, the sounding of any whistle, bell, or warning of any kind," presented one of the issues which were submitted to the jury, which issue obviously was resolved in favor of the plaintiffs.

Although the point has been raised that appellant has not complied with rule VIII of this court we have nevertheless examined the instructions, both given and refused, and feel that the trial court substantially covered the questions which properly should have been and were presented to the jury. It is well established that a party is not entitled to have the jury instructed in any particular phraseology nor is the trial court obligated to state all of the law of the case in a single instruction. The charge to the jury must be read, as a whole. Surely the appellant does not seriously argue to the contrary.

We find no merit in the contention of appellant that it was prejudiced by certain statements and rulings of the trial court. Nor do we find merit in the further contention that the court erred in denying defendants' motion for nonsuit,

directed verdict and judgment notwithstanding the verdict. Again we feel that appellant does not seriously urge consideration of these points, for it is obvious from the record that substantial evidence was introduced precluding the court from granting the motion for nonsuit or from directing a verdict for either party. Likewise the verdict and judgment, based upon such sufficiency of evidence as well, precluded the court from granting defendants' motion for judgment notwithstanding the verdict.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.

A petition for a rehearing was denied May 10, 1943.