**BOLSTAD v. CENTRAL SURETY & INSURANCE CORPORATION et al. (two cases).**
Nos. 13675, 13676.

Circuit Court of Appeals, Eighth Circuit.
July 6, 1948.

928

M. E. Culhane, of Minneapolis, Minn. (A. E. Bryngelson, of Minneapolis, Minn., on the brief), for appellants.

Roy J. Mordaunt, of Minneapolis, Minn. (Mordaunt & Carroll, of Minneapolis, Minn., on the brief), for appellees.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

These cases present a question as to the jurisdiction of the District Court under § 71, Title 28 U.S.C.A., which provides for the removal from a state court, by a non-resident defendant, of any civil suit of which the district courts of the United States are given original jurisdiction, in which "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them."

The actions were brought by the appellants, citizens of Minnesota, in the State District Court of Hennepin County, Minnesota, to recover damages for breach of a contract alleged to have been made by the appellees, Blackburn, Nickels & Smith, a Minnesota corporation, E. J. Blackburn, a citizen of Minnesota, and the Central Surety and Insurance Corporation, of Missouri, with Thor S. Bolstad, a citizen of Minnesota, to renew, on October 27, 1941, a policy of automobile liability insurance issued to him by the insurance company on October 27, 1940.

The policy provided that the insurer would pay, on behalf of the insured, "all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the [Insured's] automobile." By its terms, the policy expired October 27, 1941.

The plaintiffs (appellants) in their complaints alleged, in substance, that Blackburn, Nickels & Smith and E. J. Blackburn were the agents of the insurance company, and authorized to bind it upon policies of insurance; that, at the time of the issuance of the policy attached to the complaint and above referred to, the appellees agreed with Thor S. Bolstad that, upon its expiration date, the policy would be renewed for another year; that on November 23, 1941, the plaintiffs suffered bodily injuries resulting from an accident while riding as passengers in the automobile which had been covered by the policy, which automobile was being operated by Thor S. Bolstad; that upon notifying the appellees, on or about November 24, 1941, of the accident and the plaintiffs' injuries, Thor S. Bolstad learned for the first time

that the appellees had failed to renew his policy; that they have at all times since refused to renew the policy; that he promptly notified the appellees of the commencement of actions against him by the plaintiffs; that those actions were brought by the plaintiffs in the State District Court of Hennepin County, Minnesota, to recover damages for the injuries accidentally suffered by them while riding as passengers in the automobile of Thor S. Bolstad; that judgments were entered against him, in their favor, on April 28, 1944, the judgment in the case of Martin Bolstad being for $5,000, and that in the case of Marie D. Bolstad being for $4,000; that no part of these judgments has been paid.

The appellees and Thor S. Bolstad were named as defendants in the instant actions. Martin Bolstad, in his complaint, prayed for judgment for $5,000 with interest from April 28, 1944. Marie D. Bolstad, in her complaint, asked for $4,000 with interest from the same date.

The Central Surety and Insurance Corporation removed these cases to the United States District Court on the ground that each involved a separable controversy between it and the plaintiff.[1]

The plaintiffs moved to remand the cases to the State District Court. The motions were denied on the theory that the plaintiffs, under the facts stated in their complaints, had no causes of action against Thor S. Bolstad [obviously a nominal defendant] and no right to recover against the other resident defendants for a breach of the renewal contract. In its opinion, the court stated: "Plaintiffs were not parties to that contract [the renewal contract], and under no theory of third-party beneficiary principles can it be said that they are creditor or donee third-party beneficiaries of a contract to renew insurance. That is, the contract to renew insurance was for the benefit of Thor S. Bolstad and for him alone. A third person has no rights thereunder and therefore is not a privy thereto." The District Court then ruled that there was a separable controversy between the plaintiffs and the insurance company "because it affirmatively appears from the complaints that the resident defendants are not liable to the plaintiffs," and that, "Therefore, they should be disregarded in testing the right of the nonresident defendant to remove the case." The court cited Hancock v. Missouri-Kansas-Texas R. Co., D.C. W. D. Okl., 28 F.2d 45; Stokes v. Great Southern Lumber Co., D.C. S.D. Miss., 21 F.2d 185; Peters v. Plains Petroleum Co., 10 Cir., 43 F.2d 49; and Floyt v. Shenango Furnace Co., C.C.D.Minn., 186 F. 539.

After denying the plaintiffs' motions to remand, the court, on motion of the insurance company, dismissed the complaints on the ground that they failed to state claims upon which relief could be granted, in that "Plaintiffs were not parties to that contract [the renewal contract] and had no rights as third party beneficiaries thereunder." From the judgment dismissing their actions, the plaintiffs took these appeals.

The ruling of the District Court that the right of a non-resident defendant to remove a case on the ground that it involves a separable controversy is to be tested by eliminating all resident defendants against whom no cause of action is stated, is unquestionably sustained by respectable authority. We think, however, that this test, assuming its validity in cer-

---

[1] The petitions for removal state:

"That the defendants, Thor S. Bolstad, Blackburn, Nickels & Smith, a corporation, and E. J. Blackburn, are not necessary parties to the final determination of the controversy between the plaintiff and the defendant, Central Surety and Insurance Corporation, and as between the defendant, Central Surety and Insurance Corporation, and the plaintiff, this is a separable controversy; that this action involves a controversy which is wholly between citizens of different states; that the defendant, Central Surety and Insurance Corporation, was and is a non-resident of the State of Minnesota, and at the time of the commencement of this action, and at the present time, the plaintiff herein was and still is a citizen of the State of Minnesota, with his home in the City of Minneapolis, County of Hennepin, state of Minnesota, and your petitioner was and still is a citizen of the state of Missouri, being a corporation organized and created under and by virtue of the laws of the State of Missouri, with its principal place of business in the City of Kansas City, State of Missouri."

tain situations, cannot soundly be applied to the instant cases. It is true that in removal proceedings a federal court will examine the complaint for the purpose of eliminating all resident defendants whose joinder is obviously without any justification and constitutes a mere device to defeat the jurisdiction of the federal court. See Boatmen's Bank of St. Louis, Mo. v. Fritzlen, 8 Cir., 135 F. 650, 657; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 792. That does not mean, however, that the federal court is required to go further and virtually to try doubtful or debatable issues of law tendered by a complaint.

It is our opinion that these cases were not removable. In removal proceedings the allegations of a complaint are decisive as to the nature of the controversy, in absence of a showing of a fraudulent joinder. Hay v. May Department Stores Co., 271 U.S. 318, 321, 322, 46 S.Ct. 498, 70 L.Ed. 965; Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334. No claim of a fraudulent joinder is made in the instant cases. A suit against several defendants upon a joint contract does not present a separable controversy against any one defendant. Hyde v. Ruble, 104 U.S. 407, 408-410, 26 L.Ed. 823; Louisville & N. R. Co. v. Ide, 114 U.S. 52, 56, 5 S.Ct. 735, 29 L.Ed. 63; Torrence v. Shedd, 144 U.S. 527, 530, 12 S.Ct. 726, 36 L. Ed. 528 Moore's Federal Practice, Vol. 3, pp. 3500-3501. In the instant cases, the appellees are sued jointly, not severally, and joint judgments are sought. If the plaintiffs have no right to maintain these actions, none of the appellees is liable. When a complaint shows that if one defendant is liable, all are liable and that if the plaintiff prevails there will be a joint judgment against all the defendants, there is no separable controversy. Thorn Wire Hedge Co. v. Fuller, 122 U.S. 535, 543, 7 S.Ct. 1265, 30 L.Ed. 1235.

Even though the plaintiffs may have misconceived their causes of action, and have no right to maintain them against the defendants jointly, that does not change the alleged joint causes of action into separable controversies. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 218, 219, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S 413, 426-427, 31 S.Ct. 460, 55 L.Ed. 521; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 791, 792; Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 7.

On the question of removal, it is unnecessary "to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown * * *." It is not necessary "to decide whether a flaw could be picked in the declaration [complaint] on special demurrer." Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 194, 33 S.Ct. 250, 251, 57 L.Ed. 473; Pullman Co. v. Jenkins, 305 U.S. 534, 542, 543, 59 S.Ct. 347, 83 L. Ed. 334; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 791. Doubtful issues of law and fact are to be decided by the court having jurisdiction to try the case, and are not to be determined in the removal proceedings. Morris v. E. I. Du Pont De Nemours & Co., supra, page 793 of 68 F. 2d; Huffman v. Baldwin, supra, page 7 of 82 F.2d. Whether, upon the facts alleged, the plaintiffs are entitled to maintain these actions is not a question affecting jurisdiction, but one relating to the merits of the cases. St. Louis & S. F. R. Co. v. McBride, 141 U.S. 127, 130, 11 S.Ct. 982, 35 L.Ed. 659.

The complaints filed in the state court did not present several causes of action, some of which were against the resident defendants and others against the nonresident defendant, but embraced a single cause of action and a single ground of relief. The cases, therefore, were not subject to removal by the nonresident defendant as separable controversies. Wilson v. Oswego Township, 151 U.S. 56, 66, 14 S.Ct. 259, 38 L.Ed. 70. We think that the complaints disclose a "real intention to get a joint judgment" and "a colorable ground for it." Whether the complaints are demurrable under Minnesota law is, we think, a question to be deteremined solely by the court in which the actions were originally brought and are triable.

The judgment appealed from is reversed, with directions to remand the cases to the court from which they were removed.