**TRUCK INSURANCE EXCHANGE, a reciprocal or interinsurance exchange, Plaintiff,**

**v.**

**The DOW CHEMICAL COMPANY, a corporation, et al., Defendants.**

**No. 2220.**

United States District Court,
W. D. Missouri,
Southwestern Division.

Sept. 3, 1971.

**324**

Bob J. Keeter, Schroff, Keeter & Glass, Springfield, Mo., for plaintiff.

Almon H. Maus, Monett, Mo., for defendant Dow.

Joe R. Ellis, Cassville, Mo., for other defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motion of defendants, filed pursuant to Rule 12, F.R.Civ.P., to dismiss plaintiff's complaint for lack of federal jurisdiction. Plaintiff has filed suggestions in opposition to this motion.

This is a civil action for declaratory judgment in which plaintiff seeks a judicial determination of the rights of the parties under an insurance policy. Plaintiff relies upon diversity of citizenship as a basis of federal jurisdiction. With regard to the citizenship of the parties, the record in this cause reveals that defendant Dow Chemical Company is a citizen of the State of Delaware in which it is incorporated and a citizen of the State of Michigan where it has its principal place of business; that defendant G & R Industries, Inc., is a citizen of the State of Missouri with its principal place of business in Missouri; and that defendant G & R Metal Processors, Inc., is a citizen of the State of Missouri with its principal place of business in Missouri. Plaintiff is a reciprocal insurance exchange composed of a number of members acting as an unincorporated association. Plaintiff alleges that it is organized under the laws of the State of California, and that, under the statutory law of that state, it has been granted the authority to sue or be sued. Plaintiff's principal place of business is in the State of California.

The thrust of defendants' motion to dismiss is that the citizenship of the parties to this action is not diverse. It is defendants' contention that since some of plaintiff's members are citizens of Missouri and since two of the defendants are citizens of Missouri, federal jurisdiction cannot rest upon diversity of citizenship. In its suggestions in opposition to defendants' motion to dismiss, plaintiff admits that it has members in the State of Missouri, but contends that it should be deemed a citizen of the State of California for purposes of federal diversity jurisdiction. In support of its position, plaintiff primarily relies upon the Second Circuit case of Mason v. American Express Company, 334 F.2d 392 (2nd Cir. 1964), a case in which the Court of Appeals for the Second Circuit determined that an unincorporated association was a citizen of the state in which is was organized, rather than of the states in which its members were located.

The infirmity in plaintiff's position is that the rationale of *Mason* has been expressly rejected by several other Courts of Appeal and by the United States Supreme Court. See: R. H. Bouligny, Inc. v. United Steelworkers of America, 336 F.2d 160 (4th Cir. 1964), aff'd 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); Arbutnot v. State Automobile Insurance Association, 264 F.2d 260 (10th Cir. 1959), and cases cited therein. In United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), after noting that the existing rule had been sharply criticized by both courts and commentators, the Supreme Court of the United States remained unpersuaded by the argument that "it is not good judicial administration, nor is it fair, to remit a labor union or other unincorporated association to vagaries

of jurisdiction determined by the citizenship of its members and to disregard the fact that unions and associations may exist and have an identity and a local habitation of their own." (emphasis added). And, in refusing to overrule the existing rule, the Supreme Court stated:

> "We are of the view that these arguments, however appealing, are addressed to an inappropriate forum, and that pleas for extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to the Congress and not to the courts.
>
> \* \* \* \* \* \*
>
> "If we were to accept petitioner's urgent invitation to amend diversity jurisdiction so as to accommodate its case, we would be faced with difficulties which we could not adequately resolve. Even if the record here were adequate, we might well hesitate to assume that petitioner's situation is sufficiently representative or typical to form the predicate of a general principle. \* \* \* Extending jurisdiction to corporations raised no such problem, for the State of incorporation was a natural candidate, its arguable irrelevance in terms of the policies underlying the jurisdiction being outweighed by its certainty of application. But even that easy and apparent solution did not dispose of the problem; in 1958 Congress thought it necessary to enact legislation providing that corporations are citizens both of the State of incorporation and of the State in which their principal place of business is located.
>
> \* \* \* \* \* \*
>
> "Whether unincorporated [associations] ought to be assimilated to the status of corporations for diversity purposes, how such citizenship is to be determined, and what if any related rules ought to apply, are decisions which we believe suited to the legislative and not the judicial branch, regardless of our views as to the intrinsic merits of petitioner's argument \* \* \*."

Thus, under the prevailing authorities, it is apparent that where an action is based on diversity jurisdiction, as in the present case, the unincorporated association will not be given a fictional citizenship, but rather the citizenship of each of its members. See, for a discussion of the problem: 3A Moore, Federal Practice ¶ 17.25, pp. 860–861 (1970 ed.). Since the plaintiff, Truck Insurance Exchange, has members who are citizens of the State of Missouri, the citizenship of the plaintiff, as an unincorporated association, fails to be wholly diverse from the defendants.

Accordingly, for the reasons stated above, defendants' motion to dismiss for lack of federal jurisdiction is hereby sustained, and this cause is hereby dismissed without prejudice.

It is so ordered.