**CAPEHART–CREAGER ENTERPRISES, INC. (a Successor Corporation to Airframe Powerplant of Mena, Incorporated), Olen Creager and Terry Capehart, Plaintiffs,**

v.

**O'HARA AND KENDALL AVIATION, INC., Lloyd's, London, and John B. Shepherd, Jr., Defendants.**

Civ. No. 82–2131.

United States District Court, W. D. Arkansas, Fort Smith Division.

June 24, 1982.

Overton S. Anderson, Anderson & Kilpatrick, Little Rock, Ark., for plaintiffs.

Gregory M. Hopkins, Laser, Sharp, Haley, Young & Huckabay, Little Rock, Ark., for defendants O'Hara and Kendall Aviation, Inc. and Lloyd's, London.

Jim D. Spears, Fort Smith, Ark., for defendant John B. Shepherd, Jr.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This declaratory judgment action was filed in the Circuit Court of Polk County, Arkansas, on March 29, 1982, under the provisions of Ark.Stat.Ann. § 34–2501 *et seq.* In the complaint filed, it is alleged that the corporate plaintiff, Capehart-Creager Enterprises, Inc., is an Arkansas corporation with its principal place of business in Mena, Polk County, Arkansas, and that the individual plaintiffs are citizens and residents of that county. It is alleged that the individual defendant, John B. Shepherd, Jr., is a citizen and resident of Polk County, Arkansas; that defendant, O'Hara and Kendall Aviation, Inc., is a California corporation, with its principal place of business in California; that defendant, Lloyd's, London, is an insurance association doing business in the state of Arkansas with the Arkansas Insurance Commissioner being its agent for service of process.

Plaintiffs allege that prior to July 12, 1978, O'Hara orally contracted with the predecessor corporation to Capehart-Creager Enterprises, Inc., for it to overhaul the port engine of a certain aircraft described in the complaint. It is alleged that the plaintiff's predecessor retained the services of John B. Shepherd, Jr., as an independent contractor to test fly the aircraft in question, and that during the course of the test flight, the port engine experienced fuel starvation due to causes beyond the control of plaintiff's predecessor and without any negligence on its part, resulting in the aircraft crashing after the starboard engine also failed.

It is alleged in the complaint that Lloyd's, London, which had issued a policy of insurance on the aircraft, paid the claim of O'Hara and became subrogated to the rights of O'Hara.

According to the complaint, Lloyd's filed suit on February 14, 1979, in state court in California against the corporate plaintiff's predecessor corporation, and against the individuals, Olen Creager, Terry Capehart and John B. Shepherd, Jr. The nominal plaintiff in such action was O'Hara. A copy of the California complaint was attached to the complaint filed in this matter.

On the motion of plaintiffs in the California suit, the California court in which the matter was pending entered an order staying relief on the basis of *forum non conveniens*, but conditioned the stay upon the moving parties filing an action in the state of Arkansas within sixty (60) days of entry of the order. This suit resulted from the entry of such order in California.

Plaintiffs allege in this suit that the accident in question did not result from any negligence or fault on the part of the plaintiffs or chargeable to the plaintiffs or from any breach of implied or express warranties or from any breach of contract and allege that plaintiffs are not liable to defendants, O'Hara or Lloyd's, on the theory of strict liability in tort, or for any other reason. It is alleged that the Polk County Circuit Court should enter a declaratory judgment

finding that plaintiffs have no liability to O'Hara or Lloyd's on any theory.

As to defendant Shepherd, plaintiffs' complaint alleges:

Alternatively, should plaintiffs have any liability to Defendants O'Hara or Lloyd's on any theory, they should have indemnity or contribution from Defendant Shepherd in accordance with Ark.Stats.Ann. 34–1001 and following.

In the prayer, plaintiffs pray for indemnity or contribution from defendant Shepherd in the event that the Court finds that plaintiffs have any liability to O'Hara or Lloyd's.

On June 10, 1982, defendants, O'Hara and Kendall Aviation, Inc., and Lloyd's, London, filed a petition for removal. Defendant Shepherd did not join in the petition for removal and did not sign the petition.

The removing parties allege in the petition that:

This case stems from an action originally filed in the Superior Court with the State of California by O'Hara, against the Plaintiffs, and additionally, Defendant, John B. Shepherd, Jr. alleging that Plaintiffs and Defendant, Shepherd, were liable to O'Hara for damage to an aircraft. Defendant, Shepherd, in this action, has no interest common to that of defendants, O'Hara and Lloyd's, and has been joined as a nominal defendant in order that he may be included in this action for purposes declaring his liability to the other parties. Defendant, Shepherd, should be realigned by this Court as a party plaintiff.

Although the conclusion is alleged that defendant Shepherd has no interest in common with the other defendants and is a "nominal defendant," no facts are set forth to support this allegation.

From the file of the Circuit Clerk of Polk County which was forwarded when this matter was removed, it appears that defendant Shepherd was served on May 7, 1982, and subsequently filed a motion to make more definite and certain and later a motion to dismiss, alleging, among other things, that suit against him is barred be-cause the California action was dismissed as to him with prejudice. It is not apparent from the file transmitted when O'Hara and Kendall Aviation, Inc., or Lloyd's, London, were served, but on June 4, 1982, an answer was filed in behalf of both. It is apparent from the file transmitted that defendant Lloyd's was served by serving the Insurance Commissioner on May 5, 1982, but it cannot be determined from the file when defendant Lloyd's actually received notice of the suit.

Plaintiffs responded to the petition for removal and moved that the matter be remanded to the Circuit Court of Polk County, Arkansas, stating several reasons which they believe justifies the remand. They claim that this Court does not have subject matter jurisdiction for the reason that there is not the complete diversity of citizenship required by 28 U.S.C. § 1332 because defendant Shepherd is properly aligned as a defendant and was not fraudulently joined. In addition, they take the position that there is not a complete diversity because Lloyd's, London, is an unincorporated association which has no separate citizenship, citing *United Steel Workers of America v. R. H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); Moore's Federal Practice, § 17.25. *See also Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187 (9th Cir. 1970); and *Truck Insurance Exchange v. Dow Chemical Company*, 331 F.Supp. 323 (W.D.Mo.1971).

They claim that the law requires that the defendants in the petition for removal allege the citizenship of each of the members of the unincorporated association and that some members of Lloyd's are Arkansas citizens.

As another ground for remand, the plaintiffs allege that the petition was not timely filed since defendant Lloyd's was served by serving the Arkansas Insurance Commissioner on May 6, 1982.

■ The Court has carefully reviewed the file and the briefs of counsel and has concluded that the matter must be remanded because this Court does not have subject matter jurisdiction. The Court has conclud-

ed that defendant Shepherd is properly aligned as a defendant and is not fraudulently joined so there is a lack of the complete diversity required by 28 U.S.C. § 1332. Since the Court has reached this conclusion, it is not necessary for it to decide the other issues raised by the motion for remand. However, in passing, the Court recognizes that some or all of these contentions may have merit. In addition, unless defendant Shepherd is realigned so that he becomes a party plaintiff or unless the Court concludes that he is fraudulently joined, the removal is not proper because he has not joined in the petition for removal. Of course, the law clearly is that all defendants must join in a removal petition or the matter is not properly removed. See Moore's Federal Practice, § 0.168[3.–2].

However, as indicated above, the Court has concluded that there is clearly not a complete diversity of citizenship between the plaintiffs and defendants, and, for this reason, it is not necessary to decide the case on the basis of other contentions made by plaintiffs or on other theories that might be applicable.

■ The law clearly is that the right of removal from state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The removal statutes will be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

■ In determining whether a case should be remanded, a great number of cases hold that if federal jurisdiction is doubtful, such doubt should be resolved in favor of state court jurisdiction and the case remanded. See numerous cases cited, 14 Wright, Miller & Cooper, Fed.Prac. & Proc.: Jurisdiction, § 3739 n. 23. As is pointed out in that treatise at page 762:

This rule rests on the inexpediency, if not unfairness, of exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined on appeal that the court lacked jurisdiction.

Of course, the law clearly is that action by a federal court which lacks subject matter jurisdiction is a nullity and that either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered against him. *Amer. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

"It is equally as important to protect the state court's jurisdiction of cases improperly removed as it is to protect the federal court's jurisdiction of cases properly removed." *Shane v. Kansas City Southern Ry. Co.*, 121 F.Supp. 426 (1954), *citing Huffman v. Baldwin*, 82 F.2d 5 (8th Cir. 1936); and *Morris v. Dupont*, 68 F.2d 788 (8th Cir. 1934). As stated by the United States Supreme Court in *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), at p. 76, 62 S.Ct. at p. 20:

This is not a sacrifice of justice to technicality ... these requirements, however technical seeming, must be viewed in the perspective of the constitutional limitations upon the judicial power of the federal courts, and of the judiciary acts in defining the authority of the federal courts when they sit, in effect, as state courts. (Citing cases). The dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of "business that intrinsically belongs to the state courts," in order to keep them free for their distinctive federal business. (Citing cases).... Due regard to the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.

The cases hold almost unanimously that doubtful issues of law or fact are to be

decided in the state court and not in the removal proceedings. *Bolstad v. Central Surety & Ins. Corp.*, 168 F.2d 927 (8th Cir. 1948); and *Shane v. Kansas City Southern Ry. Co.*, supra, and cases cited in that decision.

■ From the petition for removal filed by defendants O'Hara and Lloyd's, it is impossible to determine with any certainty upon what basis they claim there is diversity. As pointed out above, they merely allege the conclusion that defendant has no interest common to the other defendants and was joined as a nominal defendant, without saying what facts support this conclusion. As plaintiffs point out in their brief filed, if the removing defendants claim that defendant Shepherd was fraudulently joined, they must plead such with particularity. *See* Moore's Federal Practice, § 0.161[2]; *McLeod v. Cities Service Gas Co.*, 233 F.2d 242 (10th Cir. 1956). The law is well settled, at least in this circuit, that upon such an allegation, the burden of proof is upon the removing defendant to establish by clear and convincing evidence that the joinder is fraudulent. *Polito v. Molasky*, 123 F.2d 258 (8th Cir. 1941); *Shane v. Kansas City Southern Ry. Co.*, supra. *See also Wells v. Missouri Pacific R. Co.*, 87 F.2d 579 (8th Cir. 1931); *Morris v. Dupont, supra; Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962); *Yawn v. Southern Ry. Co.*, 591 F.2d 312 (5th Cir. 1979).

The cases hold that when a court is faced with a removal question in which a fraudulent joinder is alleged, it is to consider whether the plaintiff intended to obtain a joint judgment against the defendants, and whether there was colorable grounds existing for securing such a judgment. *Bolstad v. Central Surety & Ins. Corp.*, 168 F.2d 927 (8th Cir. 1948); *Chicago, R.I. & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1938); and *Shane v. Kansas City Southern Ry. Co.*, supra.

■ The motive for joining a resident defendant is immaterial. *Chicago, R. I. &*

*Pac. Ry. Co. v. Schwyhart, supra; Illinois Central Ry. Co. v. Sheegog*, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208 (1909); *Chicago, R.I. & Pac. Ry. Co. v. Whiteaker*, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360 (1915); and *McAllister v. C. & O. Ry. Co.*, 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735 (1917). Bad faith in bringing the action is not material. Rather, bad faith in joinder is necessary. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914).

Applying the law discussed above to this case, it becomes clear that the facts pled show that the plaintiffs seek judgment against the defendant, Shepherd, in the event that judgment is rendered against them. Since that is the case, Shepherd is not fraudulently joined and there is, in the Court's view, no basis for so holding.

Although, as pointed out above, it is difficult to tell from the petition for removal exactly what defendants' contentions are, it appears that they may contend that defendant Shepherd should be realigned as a plaintiff. If that is the case, there is no basis for such. Of course, cases such as *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), and *Dryden v. Dryden*, 265 F.2d 870 (8th Cir. 1959), hold that a court may and, in fact, has a duty to align the parties for jurisdictional purposes on the basis of their actual legal interest and apparent result to them if the object sought to be accomplished by the litigation is successful. In this case, if plaintiffs' object sought when the lawsuit was filed is realized, the Court will hold that plaintiffs are not liable to the defendants, O'Hara and Lloyd's, or that they are. If the Court holds that they are, the plaintiffs have requested that it then award a judgment against defendant Shepherd on the theories of contribution and/or indemnity. Plaintiffs contend that Shepherd was not their agent or employee at the time of the crash, and argue that if the Court finds that he was not, they are entitled to a money judgment against him for contribution under the provisions of the Uniform Contribution Among Tortfeasors Act. They contend that if the Court finds that he was their agent or employee, they are entitled to a money judgment against him on

the theory that an agent or employee who brings liability upon his principal is obligated to indemnify the principal.

Let the Court hasten to say that it is not ruling in any respect whether there is any merit in such contentions. However, as pointed out above, the law is that doubtful issues of law or fact are to be decided in the state court and not in the removal proceedings. *Bolstad, supra*; and *Shane, supra.*

The Court believes that the removing defendants have clearly failed to allege the facts necessary to sustain subject matter jurisdiction of this Court since defendant, John B. Shepherd, Jr., is a citizen of Arkansas as are the plaintiffs, so this matter will be remanded to the Circuit Court of Polk County, Arkansas.

An order will be entered in compliance with this memorandum opinion.